[No. 11429. Department Two. — December 27, 1887.]

IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON AND ESTATE OF HARRY O. RAYNOR, A MINOR.

GUARDIAN — JURISDICTION TO APPOINT — COUNTY IN WHICH MINOR RESIDES. — Under section 1747 of the Code of Civil Procedure, the superior court of the county of which a minor is an inhabitant or resident has jurisdiction to appoint a guardian for him.

ID. — CHANGE OF RESIDENCE BY MINOR — VACANCY IN GUARDIANSHIP — A minor who continuously resides for a period of three years in a particular county, and during that time makes his home exclusively there, becomes an inhabitant or resident thereof within the meaning of section 1747 of the Code of Civil Procedure; and if, while residing there, a vacancy occur in his guardianship by reason of the death or removal of a former guardian, the superior court of that county has jurisdiction to appoint another guardian for him, notwithstanding the fact that the superior court of a different county, of which the minor had previously been a resident, had appointed the former guardian.

ID. — ORDER REVOKING APPOINTMENT — APPEAL — BILL OF EXCEPTIONS — GROUND OF REMOVAL — PRESUMPTION. — On an appeal from an order revoking letters of guardianship taken on a bill of exceptions which fails to contain any of the evidence, but which shows that the order was made on the sole ground of the supposed want of jurisdiction in the court to make the appointment, it will not be presumed that the order was made on the ground that the guardian was an unsuitable person, although the latter was alleged in the petition as one of the grounds for which the removal was asked.

APPEAL from an order of the Superior Court of Alameda County revoking letters of guardianship.

The facts are stated in the opinion of the court.

*Lloyd & Wood*, and *W. W. Morrow*, for Appellant.

The superior court of Alameda County, in which the minor resided at the time of the application, had jurisdiction to appoint the guardian. (Civ. Code, sec. 286; Code Civ. Proc., sec. 1747; *Scobey* v. *Gano*, 35 Ohio St. 550; *In re Hubbard*, 82 N. Y. 90; *Ex parte Bartlett*, 4 Bradf. 221; *Brown* v. *Lynch*, 2 Bradf. 214; *Duke* v. *State*, 57 Miss. 229; *Ross* v. *S. W. R. R. Co.*, 53 Ga. 514; *Tittel's*

*Estate,* Myrick's Prob. Rep. 97.)   The minor was a resident of Alameda County.   (Pol. Code, secs. 52, 1239; *Taney's Appeal,* 97 Pa. St. 74; *Lamar* v. *Wican,* 114 U. S. 218; *In re Wrigley,* 8 Wend. 134; *Hanbest's Estate,* 11 Phil. 63.)

*Pillsbury & Blanding,* for Respondent.

Under section 1801 of the Code of Civil Procedure it was the duty of the superior court by which the former guardian was appointed to appoint his successor, and no other court had any right or power to appoint such successor as long as the minor is within the state.   (*People ex rel. Delamater* v. *Walmsley,* 15 Abb. Pr. 323; *Guardianship of Danneker,* 67 Cal. 645.)

SHARPSTEIN, J. — This appeal is from an order of the superior court of Alameda County, revoking the appointment of E. H. Clarke as guardian of said minor.

The record shows that on March 6, 1880, the superior court of the city and county of San Francisco duly appointed one B. W. Owens guardian of the person and estate of said minor, and said Owens remained such guardian until February, 1883, when he was removed therefrom by an order of said court.   But he continued to exercise the functions of guardian of said minor until October, 1884, when he, said Owens, died.   Prior to his death, to wit, on the 1st of April, 1883, said Owens removed from the city and county of San Francisco to the town of Alameda, in the county of Alameda, where he fixed and established his residence, and continued to reside until he died.   Said minor went with Owens from San Francisco to Alameda, and resided in the family of said Owens, at Alameda, so long as said Owens lived. After the death of Owens, said minor lived in the family of appellant, in the house occupied by Owens before and at the time of his death.   Immediately after the death of Owens, appellant applied for and obtained from the

superior court of Alameda County letters of guardianship of said minor.  Afterward, on the 24th of November, 1884, William M. Raynor filed a petition in the superior court of Alameda County praying to have the order appointing said Clarke guardian as aforesaid revoked on three grounds: —

1. That said Clarke is not a relation of said minor, and is an unsuitable person to be appointed as such guardian, in that said Clarke has not the personal integrity and moral character to fit him for such guardian.

2. That ever since the death of the father of said minor, and at the time of the appointment of said Clarke, said minor was under the jurisdiction, care, and control of the superior court of the city and county of San Francisco.

3. That the petitioner had applied to the superior court of the city and county of San Francisco to be appointed guardian of said minor.

To that petition Clarke filed an answer, in which, among other things, he denied the allegation of his want of personal integrity and moral character to qualify him for the guardianship of said minor.

The petitioner offered evidence tending to show that Clarke was not a suitable person for such guardianship, and rested.  Thereupon Clarke introduced evidence showing that the minor was being carefully and properly cared for, educated, and reared, and tending to show that Clarke was a suitable person to be guardian of said minor, and rested.  The petitioner then called witnesses in rebuttal, and was proceeding to examine them when the judge announced that he would hold and decide that the superior court of the city and county of San Francisco, having once acquired jurisdiction of the matter of the guardianship of the person of said minor, never lost it, and that the superior court of Alameda County never acquired jurisdiction of the matter, and made an order revoking the letters before issued to said Clarke, on the

ground that the court in granting said letters acted without jurisdiction.

Appellant insists that it was clearly within the jurisdiction of the court to grant said letters, and that the order revoking them is erroneous.

The superior court of the county of which the minor was an inhabitant or resident had jurisdiction to appoint a guardian. (Code Civ. Proc., sec. 1747.) It appears by the record that said minor had been for more than three years an inhabitant of Alameda County, and had not during that period had any other home, or been absent or away from said county. That, in our opinion, constituted him an inhabitant or resident of Alameda County, within the meaning of the provision of the Code above cited. We think the order cannot be upheld upon that ground.

But while that is the only ground upon which the court based its order, it is not the only ground upon which the removal of Clarke was prayed. In addition to that of the invalidity of his appointment, it is alleged in the petition for his removal that he is an unsuitable person for the guardianship of said minor, which was put in issue by the denial of Clarke, and upon that issue evidence was introduced on both sides, none of which is incorporated in the bill of exceptions. We infer, however, that it was conflicting, and if it appeared that the court had found that it preponderated on either side, we might not have disturbed the finding. But it plainly appears that the evidence upon that issue was not considered by the court, and we have no means of ascertaining on which side it preponderated, or on which side the court thought it preponderated.

The rule which has been applied to orders granting new trials, that if for any cause the verdict and judgment ought to have been set aside and a new trial granted, the order should be allowed to stand whether the reason assigned for it was right or wrong, is not

applicable in this case. Here no cause for removal of Clarke appears in the record, and the court cannot assume that he was removed for a cause not appearing in it. The code specifies the causes for which guardians may be removed. (Code Civ. Proc., sec. 1801.) The removal in this case was not made for any of the specified causes, but for a cause not specified, and in our opinion wholly insufficient. Therefore the order must be reversed.

Order reversed.

McFARLAND, J., and THORNTON, J., concurred.