## GUARDIANSHIP OF IVEY AND KATIE DEISEN.

[No. 12,597; decided August 6, 1892.]

**Guardians—Jurisdictional Requisites for Appointing.**—The statute prescribes two jurisdictional requisites in the appointment of guardians for minors: First, the minor must have no guardian at the time application is made; and second, he must be an inhabitant or resident of the country in which the court is held.

**Domicile.**—"Inhabitant" and "Resident" are synonymous terms in law, and can, strictly speaking, be applied only to persons domiciled in a place with the intent there to remain.

**Guardian—Appointment for Nonresident Minors.**—Where minors of tender years are brought into this state for the purpose of being exhibited before the public in song and dance performances, and then taken to another state for the same purpose, the superior court, by virtue of its equity powers, has jurisdiction, although the minors are not strictly inhabitants or residents of this state, to guard their welfare by appointing a suitable person as their guardian.

F. W. Van Reynegom, for the applicant.

James H. Creely, contra.

COFFEY, J.   This is an application by C. B. Holbrook, secretary of the Society for the Prevention of Cruelty to Children, for letters of guardianship of the persons of Ivey Deisen and Katie Deisen, minors.   One Hadj Tahar appeared by James H. Creely, his attorney, at the hearing of the petition for letters, and objected to the granting of the same on the ground that the said minors were residents of the county of Alameda, and that therefore the superior court of the city and county of San Francisco had no jurisdiction in the premises.

From the evidence adduced at the hearing the following facts were established: The minors are Arabians, born in Palestine, and are aged eight and ten years, respectively; their father is deceased, and their mother is an Arabian by birth and is now a resident of Australia.   Hadj Tahar Ben Mahommed is an Arabian sheik, the leader of a troupe of Arabian acrobatic performers connected and traveling with a circus company, and claims the right to the control and custody of the minors by virtue of an agreement with their mother, under which agreement the minors were brought from Australia to San Francisco in company with the circus troupe for the purpose of exhibiting them before the public in song and dance performances.   The children first arrived in San Francisco in the early part of June, 1892.   Finding that, under the laws of California, it would be an illegal act to carry out his purpose of exhibiting the minors in this state because of their tender age, Hadj Tahar placed them in the care and custody of his divorced wife, a resident of San Francisco, and left this state in company with his circus troupe.   The children remained with the ex-wife of Hadj Tahar until July 15, 1892, when they were temporarily placed in the care of one Mrs. L. Johnson, a resident of Alameda county, there to remain until such time as Hadj Tahar should be ready to remove them without this state to exhibit them at the World's Fair, at Chicago, next year, and elsewhere, in connection with the circus troupe. The petitioner herein seeks to take the children from the immediate custody of their custodian in Alameda, and to remove them from the control of Hadj Tahar.

The objection to the jurisdiction of this court is based upon section 1747 of the Code of Civil Procedure of the state of

California, which reads: "The superior court of each county . . . . may appoint guardians for the persons . . . . of minors who have no guardians . . . . and who are inhabitants or residents of the county."

It will be seen from the portions of the section quoted that it impliedly prescribes two requisites for jurisdiction to attach in the appointment of guardians for minors: First, the minor must have no guardian at the time the court is invoked; and, second, the minor must be an inhabitant or resident of the county in which the court is held. In this case the facts show that the minors had no guardian at the time the petition for letters was filed.

The main question before the court, therefore, is whether they are "inhabitants" or "residents" of Alameda county or of the city and county of San Francisco.

An inhabitant, according to Bouvier (Bouvier's Law Dictionary), is one who has his domicile in a place, "one who has a natural fixed residence in a place." Webster defines the word as one who dwells or resides permanently in a place, or who has a fixed residence, as distinguished from an occasional lodger or visitor.

A resident is one who has his personal presence in a fixed and permanent abode: Bouvier's Law Dictionary. What facts constitute a domicile of the person has been a question frequently discussed. There is no fixed or definite period of time requisite to create it. It depends on the actual or presumed intention of the party: High, Appellant, 2 Doug. (Mich.) 515; Pol. Code, sec. 52, and note to Deering's ed.

It will be seen from the foregoing that "inhabitant" and "resident" are synonymous terms in law, and can only be strictly applied to persons who are domiciled in a place, with the intent to remain there.

If we look to the animo revertendi in this matter, it clearly indicates that the children are not residents of Alameda county, as the testimony shows that their stay in that county is only temporary, the evident intention being to take them in a few months to the World's Fair, at Chicago, and elsewhere out of this state. A minor cannot acquire a residence distinct from that of his parent or guardian. In this case the mother's

residence being in Australia, the presumption is that the children are not "inhabitants" of, and have not acquired a "residence" in, California.

The parties being all before this court, and it not appearing that the superior court in another county has any better claim to jurisdiction, it would appear that the spirit of the laws of the state would be carried out by assuming jurisdiction: Code Civ. Proc., secs. 187, 1796; In re Guardianship of Danneker, 67 Cal. 643, 8 Pac. 514; In re Raynor, 74 Cal. 421, 16 Pac. 229.

This court is not excluded from jurisdiction in the exercise of this branch of its equity powers, even if it be conceded that the minors are residents of Alameda county. The mere grant by the statute of jurisdiction to the court in the county where the minors reside does not imply that it is exclusive, in the face of the constitutional provision that the superior court shall have original jurisdiction in all cases in equity, and that its process shall extend to all parts of the state. The only territorial limitation of the jurisdiction of the superior court, in the constitution of California, is that found in the provision limiting certain actions concerning real property to the county where the real estate affected by such actions is situated: Const., art. 6, sec. 5. Sections 76 and 78 of the Code of Civil Procedure follow the provisions of the constitution.

The legislature has no power to fix by law the jurisdiction of any but inferior courts: Const., art. 6, sec. 13; Rosenberg v. Frank, 58 Cal. 400; Wilson v. Roach, 4 Cal. 362.

Compare 1294, Code of Civil Procedure, with 1747 of the same code, and it will be seen that while the provisions of the former are mandatory as to jurisdiction, those of the latter section are only so by implication. There is no implication or presumption against the jurisdiction of a superior court. To treat section 1747 as imposing a limitation on the jurisdiction of the superior court would make it inconsistent with the provisions of sections 76 and 78, above cited. The reasonable construction, therefore, of section 1747 would appear to be that it is merely directory. If the courts of Alameda and San Francisco have equal rights

of jurisdiction in the premises, the jurisdiction of the court first attaching or acquired is exclusive: Code Civ. Proc., sec. 1796; Guardianship of Danneker, 67 Cal. 643, 8 Pac. 514.

Accepting these views of the law, as presented by the learned counsel for the Society for the Prevention of Cruelty to Children, and upon the facts in proof on the trial, the opposition of Hadj Tahar is overruled and the application of C. B. Holbrook for letters of guardianship is granted.

One of the First Jurisdictional Requisites to the appointment of a guardian for a minor is that the child must be an inhabitant or resident of the county in which the appointment is made: In re Raynor, 74 Cal. 421, 16 Pac. 229; Estate of Taylor, 131 Cal. 180, 63 Pac. 345. It has been affirmed that a court has no authority to appoint a guardian for infants absent from the state, although their domicile is within it: De La Montanya v. De La Montanya, 112 Cal. 131, 44 Pac. 354.