[Crim. No. 2421. In Bank.—December 5, 1921.]

## In the Matter of the Application of ZAROOHE KANDARIAN for a Writ of Habeas Corpus.

[1] GUARDIAN AND WARD—APPOINTMENT OF GUARDIANS—JURISDICTION. The superior court has jurisdiction and power to appoint guardians.

[2] ID.—VALIDITY OF ORDER.—An order appointing a guardian is valid, except on appeal, notwithstanding the fact that some other person may have been lawfully entitled to letters.

[3] CONTEMPT OF COURT—SERVICE OF COPY OF ORDER.—An order adjudging a person in contempt of court made on a hearing wherein such person was regularly cited and duly appeared is not rendered invalid or void by the fact that no copy of the order was served on such person.

[4] HABEAS CORPUS—REFUSAL TO PAY MONEYS TO GUARDIAN—STATUS OF GUARDIAN — PETITION.—In a petition for a writ of habeas corpus to secure release from custody for violation of an order directing the petitioner to turn over to the guardian of the estates of her minor children certain moneys belonging to them, the mere allegation that the person to whom she is directed to pay the moneys is not the legally appointed, qualified, and acting guardian of the minors is a bare conclusion of law.

[5] APPEAL — ORDER APPOINTING GUARDIAN — TIME.—An appeal from an order appointing a guardian taken more than six months after the making of the order is too late.

APPLICATION for a Writ of Habeas Corpus to secure release from custody for contempt of court for refusal to turn over moneys to a guardian of estates of minors. Denied.

The petitioner in violation of an order of court refused to turn over to the guardian of the estates of her minor children certain moneys belonging to them, on the grounds that such guardian was not their legally appointed guardian and that she, as their mother, was entitled to letters of guardianship of their persons and estates.

A. M. Drew for Petitioner.

SHAW, C. J.—The petition for a writ of habeas corpus herein is denied for the following reasons:

[1] 1. The superior court of Fresno County has jurisdiction and power to appoint guardians.

[2] 2. The fact that the petitioner was the mother of the minor children and as such would be entitled to their guardianship does not make the appointment of K. Kandarian as such guardian void. It is presumed, in the absence of any showing to the contrary, that the proper notices and proceedings leading up to the appointment of K. Kandarian were had. This being so, an order appointing a guardian is valid, except on appeal, notwithstanding the fact that some other person may have been lawfully entitled to letters.

[3] 3. The petitioner was regularly cited and duly appeared at the hearing of the charge against her of contempt of court on November 9, 1921. The order made at such hearing is not rendered invalid or void by the fact that no copy thereof was served on the petitioner. This court cannot in a collateral attack of this character inquire whether the contempt was committed as charged in the affidavit upon which said proceeding was initiated. [4] The mere allegation that K. Kandarian is not the legally appointed, qualified, and acting guardian of said minors is a bare conclusion of law and is not sufficient to authorize the issuing of a writ of *habeas corpus*. Moreover, it is not justified by the facts alleged in the petition as above mentioned nor by any other facts alleged therein.

[5] 4. The appeal attempted to be taken from the order made March 7, 1921, appointing the said K. Kandarian as guardian, by means of a notice of appeal filed on November 25, 1921, is wholly ineffectual to give this court any jurisdiction of the appeal or to affect in any manner the validity of the order appointing K. Kandarian as guardian or to suspend proceedings under it. Such appeal was taken too late.

Shurtleff, J., Lennon, J., Richards, J., *pro tem.*, Sloane, J., Waste, J., and Wilbur, J., concurred.