[Civ. No. 4562. Second Appellate District, Division One.—January 15, 1924.]

MARY SAKURAI, a Minor, etc., et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] GUARDIAN AND WARD—ORDER APPOINTING GUARDIAN—APPROVAL OF BOND—DUTY OF COURT.—An order appointing a guardian, when duly made and entered, becomes a decree of the court; and it is the duty of the court, when a valid order of appointment of a guardian has been made, to approve a duly executed bond with sufficient sureties when such bond is made in compliance with the terms of the order appointing the guardian.

[2] ID.—GUARDIANSHIP OF JAPANESE MINOR—DUTY TO APPROVE BOND. The qualification of the guardian by presenting and filing a sufficient bond and by taking the oath of office are no part of the order of appointment; and, where an order appointing a guardian of a minor child born of Japanese parents in the state of California, and who was the owner of real property, was duly made and entered prior to the date section 1751a of the Code of Civil Procedure became effective, that section furnished no valid excuse for the refusal of the judge to approve the bond duly executed in accordance with the order of appointment, although such bond was not presented for approval until after said date.

[3] ID.—FINAL DECREE—AUTHORITY TO VACATE EX PARTE.—Where an order appointing a guardian of the estate of a minor has been duly made and entered, and the time for appeal therefrom has expired, the court has no authority to make an ex parte order vacating and setting aside the prior order of appointment.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Victor R. McLucas, the Judge thereof, to approve the bond of a guardian. Peremptory writ issued.

The facts are stated in the opinion of the court.

Louis B. Stanton for Petitioners.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, Robert M. Clarke and Louis P. Boardman, for Respondents.

CONREY, P. J.—On petition for writ of mandate. It is conceded by respondents that prior to the sixteenth day of August, 1923, it was lawful for the superior court in a proper case to appoint as guardian of an estate any suitable person, notwithstanding that such person was ineligible to citizenship in the United States. Section 1751a of the Code of Civil Procedure was added to that code by an amendment which became effective August 16, 1923. (Stats. 1923, p. 584.) That section provides that "no person ineligible to citizenship in the United States . . . may be appointed guardian of any estate which consists in whole or in part of real property."

On the eighth day of August, 1923, pursuant to proceedings leading thereto in due form, the superior court of Los Angeles County made and entered in its minutes an order that T. Sakurai be appointed guardian of the estate of Mary Sakurai, and that letters of guardianship be issued accordingly upon his taking the oath as required by law and giving bond to said minor in the sum of one thousand dollars. The said Mary Sakurai is a minor child born of Japanese parents in the state of California, and is the owner of real property situate in the county of Los Angeles. The said T. Sakurai is a native and subject of the empire of Japan and is not eligible to citizenship in the United States. He is the father of the petitioner herein, the said Mary Sakurai.

On the eighteenth day of August, 1923, the said T. Sakurai presented for approval of the judge of the superior court in the department where said order of appointment of

guardian had been made a bond as required by said order, which bond, with sufficient sureties, was executed in due form as the guardian's bond in accordance with the terms of section 1754 of the Code of Civil Procedure. The judge has refused to approve said bond, basing such refusal solely upon the fact of the status of said T. Sakurai as an alien ineligible to citizenship in the United States, and upon the ground that by reason of the provisions of section 1751a of the Code of Civil Procedure he was precluded from approving such bond. Thereupon said Mary Sakurai presented to this court her petition for a writ of mandate to compel respondent court to approve said bond.

[1] An order appointing a guardian, when duly made and entered, becomes a decree of the court. The provisions of the code relative to the estates of decedents in so far as they relate to practice in the superior court apply to proceedings under the chapter relating to guardian and ward. (Code Civ. Proc., sec. 1808.) Section 1393 of the Code of Civil Procedure, relating to bonds of executors and administrators, provides that all such bonds must be approved by a judge of the superior court before being filed. Reading together the above-mentioned sections, it clearly is the duty of the court, when a valid order of appointment of a guardian has been made, to approve a duly executed bond with sufficient sureties when such bond is made in compliance with the terms of the order appointing the guardian. The order here in question was a complete decree of the court prior to the sixteenth day of August, 1923. Nothing remained to be done to give it all the force and effect of any decree of court. So far as the appointment of the guardian was concerned, the judicial action was finished. [2] The qualification of the guardian by presenting and filing a sufficient bond and by taking the oath of office were not a part of the order of appointment, but were only proceedings required to be taken for the purpose of carrying into effect the decree as made and entered. There is nothing contained in section 1751a of the Code of Civil Procedure which purports to interfere or can properly be construed as interfering with the qualification of any guardian under a valid order of appointment. We therefore are of the opinion that the provisions of section 1751a furnish no valid excuse for the refusal of the judge to approve the bond. No other excuse is

offered, since it is not denied that the bond was in due form and with sufficient sureties. It is well settled that *mandamus* will issue to correct an abuse of discretion in such a case. If the vested discretion under the facts can be legally exercised in but one way, mandate will lie to compel the inferior tribunal so to exercise it. (*Newlands* v. *Superior Court*, 171 Cal. 741, 744 [154 Pac. 829].)

[3] In the return to the alternative writ of mandate herein respondents state that at a session of said superior court duly held on November 26, 1923, the court entered an order vacating and setting aside the order of August 8, 1923, and placed upon its calendar for further hearing the matter of the appointment of a guardian of said minor's estate. This order appears to have been made *ex parte,* not only after the order of August 8th had been duly entered and thus had become a decree of court, but also after the expiration of the time within which an appeal from the order of appointment might have been taken. The code provides a procedure upon notice for the removal of a guardian where cause for such removal exists. (Code Civ. Proc., sec. 1801.) We find no authority in law for the arbitrary vacation by the superior court of a valid decree once entered by its order.

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.