、 STOWE, GUARDIAN, ETC., *v.* KRAMER, GUARDIAN, ETC.

[No. 12,571. Filed November 18, 1926.]

GUARDIAN AND WARD.—*Appointment of second guardian by same court void.*—The appointment of a guardian for a minor after the same court had appointed a guardian for the same ward was void, as there cannot be two guardians of the same person or property at the same time.

From Marion Probate Court (19-73); *Mahlon E. Bash,* Judge.

Action by Edward F. Kramer, guardian of James E. A. Shank, a minor, against Ida L. Stowe as guardian of the same ward to revoke the latter's letters of guardianship. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Charles Mendenhall,* for appellant.

*Arthur A. Stettler,* for appellee.

NICHOLS, J.—Action by appellee against appellant in the probate court of Marion county, Indiana, to revoke letters of guardianship issued to appellant in the matter of James E. A. Shank, a minor, and a sole legatee and devisee under the will of Everett F. Kramer, deceased. A cross petition was filed by appellant against appellee asking the revocation of the letters of guardianship issued to appellee in the same matter.

There was a finding and judgment for appellee revoking the letters issued to appellant from which this appeal. The error assigned is the action of the court in overruling appellant's motion for a new trial.

It appears that appellee was named as executor under the will of said deceased, and, in effect, testamentary guardian of said minor, being given the management of his estate, and furthermore that on April 17, 1925, he was duly appointed as guardian by the probate court of Marion county, Indiana, and qualified as such. Thereafter, on April 23, 1925, appellant was appointed as the guardian of said minor by the same court. It appears that the attention of the court was not called to the prior appointment. Appellee was not and is not in any way disqualified to act as such guardian, and, by the will of the said deceased, was clearly preferred as the one to whom the testator chose to trust the management of the minor's estate.

We hardly need to say that there cannot be two guardians of person or property in this state at the same time, and the first appointment being valid, it necessarily follows that the second was void. *Soules* v. *Robinson* (1902), 158 Ind. 97, 62 N. E. 999, 92 Am. St. 301.

The merits as well as the law are clearly with appellee.

Judgment affirmed.