[Civ. No. 4435.  Third Appellate District.—February 25, 1932.]

In the Matter of the Estate of CLEVELAND ATKINS, Deceased.  In the Matter of the Guardianship of the Persons and Estates of ROY CLEVELAND ATKINS et al., Minors, MYRTLE JURDY ATKINS, Guardian, etc., Appellant, v. C. D. ATKINS, Administrator, etc., and Guardian, etc., Respondent.

Jesse W. Carter for Appellant.

L. C. Smith for Respondent.

PLUMMER, J.—On the tenth day of May, 1929, C. D. Atkins was appointed administrator of the estate of Cleveland Atkins, deceased, and thereupon qualified as such administrator, and ever since has been and now is the duly appointed and acting administrator of the estate of said deceased. On the sixth day of September, 1929, C. D. Atkins was appointed guardian of the persons and estates of Roy Cleveland Atkins and Nancy Mildred Atkins, minors. On the twenty-seventh day of December, 1929, Myrtle Jurdy Atkins filed an application asking for the revocation of the appointment of C. D. Atkins as administrator of the estate of Cleveland Atkins, deceased. On the thirtieth day of August, 1930, Myrtle Jurdy Covey, formerly Myrtle Jurdy Atkins, filed an application herein praying for the revocation of letters of guardianship theretofore granted to C. D. Atkins, of the estates and persons of Roy Cleveland Atkins and Nancy Mildred Atkins. The two petitions were heard at one time and are presented upon a consolidated record. The court denied both petitions, and from the denial the causes are before us upon appeal.

The petitions for the removal of the administrator and the guardianship are based upon substantially the same grounds, to wit: That the said C. D. Atkins had failed to return the completed inventory of the estate of said Cleve-

land D. Atkins, and also of the estates of said minors, and had wasted and mismanaged said estates, and also had misappropriated some of the funds of said estates. The court in its order denying the application for revocation of the letters of administration found that it was true, as alleged in the petition for revocation, that the inventory filed by the said C. D. Atkins did not give a full description of all of the property of said deceased, in that a number of articles used by the said deceased in his household on the farm where he lived, also certain farming implements used by the deceased, were not described therein, and also that the administrator, without obtaining any order therefor, had sold a certain forge blower, anvil and tongs for the sum of $30, a ''Buckeye'' mowing machine for the sum of $25, one rake for the sum of $20, and that some of the household articles mentioned had been removed to the home of the administrator where the two minor children mentioned were living with him and his family.

The court also found that the omissions in the inventory were not made by the administrator with intent to deceive, mislead or prejudice the estate, and were made inadvertently and without any fraud on the part of the administrator. During the course of these proceedings an account was returned by the administrator in which was set forth a list of all of the property omitted from the inventory, and a statement showing the property which we have mentioned as having been sold, netted the sum of $125. The account also set forth the items of expenditure showing that there still remained in the hands of the administrator a sum not to exceed $30. (We have not tabulated the items.) The account also shows that there was due to the administrator an unpaid balance for rents in the sum of about $150. The property shown by the inventory consisted of real estate and an interest in a band of sheep, all of the aggregate value of about $5,000, against which it appears that there was considerable indebtedness.

The record shows further that the interest in the sheep was sold and the money used in liquidating the indebtedness of the estate.

The record relative to the application for a revocation of letters of guardianship covers practically the same grounds, save and except the testimony of the two minors indicated

that it was immaterial to them whether they were allowed to remain with their uncle where they had been from the date of the death of Cleveland Atkins, until the time of the hearing of the application for revocation of the letters, as herein stated.

While the testimony shows that the administrator did not at first return an accurate inventory, and also establishes the fact that certain personal property was sold without an order of court being first had and obtained, there was subsequently returned to the court the full and complete statement of all of the property, which shows that it was of little value and of such a character and condition that the trial court might without any impropriety or abuse of its discretion, approve the sale thereof, even though the administrator did not give previous notice.

Section 770 of the Probate Code, which is based upon section 1522 of the Code of Civil Procedure as it formerly stood, provides for the sale of perishable property and certain other property which will depreciate in value if not disposed of promptly, or which will incur loss and expense in being kept, etc. It was for the trial court to determine whether the personal property disposed of would depreciate in value, or was of such a character as to come under the provisions of that section. While a rake or a mower or a Ford car or blacksmith's anvil would not ordinarily be considered perishable property, it is fairly evident that if unhoused and unprotected from the elements, they would decrease in value and the probability of finding a purchaser for such articles, to say the least, is so uncertain that we cannot say that the court abused its discretion in not removing the administrator for selling without order of court, nor can we say that the court abused its discretion in confirming the sales, though made irregularly.

The court found that the administrator was acting without fraud, or without attempt to conceal; was not wasting the estate of the deceased, and under such circumstances no basis was laid for the removal of the administrator by reason of any of such acts.

The record shows that the administrator, upon the receipt of moneys for the sales which we have mentioned, deposited the same to his own account instead of keeping the same in a separate account under the name of the

estate, but having found that the administrator accounted for all of the moneys received by him, and that he did not seek to defraud the estate or embezzle the moneys, no foundation is laid for an order of removal.

If, upon the testimony set forth in the record, the court had found that the administrator was wasting the estate, fraudulently failing to account therefor, and fraudulently handling the moneys thereof, and converting the same to his own uses and purposes, then and in that event a situation would be presented where an order of removal would be affirmed.

The code provisions relative to the removal of administrators and guardians differs in many particulars. Section 450 of the Probate Code, which is a re-enactment of section 1383 of the Code of Civil Procedure, provides that where an administrator has been appointed and letters granted to other than a preferential person, upon the application of a preferential person the letters so granted will be revoked and the preferential appointed. Section 521 of the Probate Code, which is but a re-enactment of former code provisions, specified that an administrator or executor may be removed where the estate has been wasted, embezzled or mismanaged, or where he has committed a fraud or is about to commit a fraud upon the estate. This section, as has been held, is directory and not mandatory. The word "may" is not read "must" unless the circumstances are such as make it a gross abuse of discretion not to order removal. Likewise, section 524 of the Probate Code specifies that if, upon the settlement of an account, it appears that an executor or administrator has embezzled, wasted or mismanaged the estate, his letters must be revoked. The word "must" used in this sentence may at times be considered directory and not mandatory. (*In re Chadbourne*, 15 Cal. App. 363 [114 Pac. 1012], where the use of the words "may" and "must" is discussed in an opinion written by former Justice Burnett of this court.)

Section 1580 of the Probate Code, based upon former code provisions, sets forth eight specific reasons for the removal of a guardian. All of these provisions were negatived by the trial court. When a guardian has once been appointed upon proper notice, it appears that the letters of guardianship cannot be revoked for other than the reasons specified in the code.

As stated in 13 California Jurisprudence, 170, section 27: "The power of a court to remove a guardian is judicial and not arbitrary or capricious, and inasmuch as the guardian has an authority coupled with an interest, the court will not interfere and remove one who has been legally appointed, unless for sufficient cause. The causes of removal are specified by the statutes." The different specifications of the code are then set forth.

In 28 C. J. 1101, section 140, we find the following text, supported by a long list of authorities, to wit: "The grounds on which a guardian may be removed are frequently enumerated by statute, and it is usually held that the grounds so enumerated are exclusive, and that such an enumeration precludes removal on any other grounds." To the same effect is the text in 12 Ruling Case Law, 1118, section 20. A few cases do hold that the court possesses inherent power of removal, irrespective of the statutory grounds, but the weight of authority is to the contrary.

While the record shows that the respondent has not complied with the literal provisions of the codes relative to the management of the estate of Cleveland Atkins, deceased, and in some small particulars relative to the estates of the minors, the trial court was satisfied that no part of any of the estates had been wasted, embezzled or even mismanaged to the detriment of anyone; and it appearing that all of the property of the various estates has been fully accounted for, we do not very well see how this court can hold that the trial court grossly abused its discretion.

In the cases cited by appellant, especially in the case of *In re Newell's Estate,* 18 Cal. App. 258 [122 Pac. 1099], the order of removal appears to have been based upon the fraud of the executor. In that case, upon appeal, it is held that the discretion of determining this fact rests largely in the trial court.

We do not need to review the cases cited by the appellant defining the crime of embezzlement, in view of the holding of the trial court that no moneys had been embezzled.

The orders of the trial court are affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.