[Civ. No. 15793. Second Dist., Div. Three. July 18, 1947.]

Guardianship of the Person and Estate of JOHN ALDEN KIMBALL, a Minor. MAY A. SORENSEN, Respondent, v. FRANCES CHARLOTTE ENGELHARDT et al., Appellants.

Lindstrom & Bartlett for Appellants.

David Spaulding for Respondent.

SHINN, Acting P. J.—On May 20, 1946, Frances C. Engelhardt and Beverly Hills National Bank and Trust Company were appointed guardians, respectively, of the person and estate of John Alden Kimball, the 12-year-old minor involved in these proceedings. They appeal from an order made on June 19, 1946, in another department of the court, appointing May A. Sorensen, guardian of the person and estate of the minor.

Appellant Engelhardt is the maternal grandmother, while respondent Sorensen is the paternal aunt of the minor. The estate of the minor includes personal property and real property, which was formerly the separate property of his mother and was devised to him under the terms of her will. The minor's mother died July 1, 1942. Thereafter the minor remained with his father until the latter's death on May 19, 1946. On that day respondent advised appellant Engelhardt of the father's death and directed her to take custody and control of the minor. Appellant did so immediately and has at all times retained the custody of the minor. On the following day, May 20th, appellant Engelhardt filed her petition for the appointment of appellant bank as guardian of the estate and of herself as guardian of the person of the minor. Among other matters, her petition contained an allegation, upon information and belief, that the father had died intestate and that the minor had no guardian "legally appointed by will or otherwise." On the same day, the court, in a department located in Los Angeles, after a hearing, found that since appellant Engelhardt was the grandmother of the minor and had the care and custody of the minor no notice to any other relatives residing in the state was necessary, and further found that all of the allegations of the petition were true, that Mrs. Engelhardt was a competent and proper person to be appointed guardian of the person of the minor, and that appellant bank was a proper institution to be appointed guardian of his estate, and made its order forthwith.

Two days later, on May 22d, respondent Sorensen filed with the Santa Monica department of the superior court a petition in which she alleged that she had been appointed guardian of the minor by the will of his father and sought confirmation of her appointment as testamentary guardian. The hearing was set for May 31st and notice of the proceeding was given to appellant Engelhardt. Thereafter, on May 31st, the appellants filed a motion to dismiss the proceedings

instituted by respondent. When the matter came on to be heard it was continued to the date set for the hearing of the petition for probate of the father's will. At that time the will was admitted to probate, the respondent again presented her petition for confirmation as guardian under the terms of the will, and the matters were ordered submitted. On June 19th, the trial court in the Santa Monica department made the order, from which the appeal is prosecuted.

 Under section 1405 of the Probate Code a guardian may be appointed by the court only where none has been appointed by will or deed. The judge who made the first order acted in the belief that no such appointment had been made. When respondent's petition was heard with the petition to prove the father's will and it was proved that respondent was appointed guardian by the will, that appointment was confirmed by the order appealed from. The theory of this procedure was that because of the limitation of section 1405 the court was without jurisdiction to appoint appellants as guardians when an appointment of respondent by will had actually been made, even though the existence of the will was then unknown to the court. It was held that since the first order was void no steps were necessary to vacate it and that it could be ignored in the appointment of another guardian.

Appellants' petition alleged all the facts necessary to give the court jurisdiction and it was recited in the order that all said allegations were true. An order appointing a guardian, when duly made and entered, becomes a decree of the court. (*Sakurai* v. *Superior Court,* 65 Cal.App. 280, 282 [223 P. 575].) Such an order is not invalid merely because some other person may have been lawfully entitled to letters. (*In re Kandarian,* 187 Cal. 479, 480 [202 P. 647].) A direct attack could be made only by motion under section 473, Code of Civil Procedure, by other authorized motion to vacate the order, by appeal, or an attack could be made by suit in equity. No such attack was made and no order was made vacating the first order of appointment. Proof upon the second application that respondent had been appointed by will was a collateral attack upon the first order and furnished no basis for holding the first order to be void. Where no want of jurisdiction is disclosed on the face of the record, an order appointing a guardian is not subject to collateral attack. (*In re Lundberg,* 143 Cal. 402, 403 [77 P. 156].)

The court has no power to appoint a second guardian until the one first appointed has been removed or his appointment vacated. (*Guardianship of Sturges*, 30 Cal.App.2d 477, 501 [86 P.2d 905] ; *In re Atkins*, 121 Cal.App. 251, 255 [8 P.2d 1052].)

The order is reversed.

Wood, J., and Kincaid, J. pro tem., concurred.

A petition for a rehearing was denied August 6, 1947, and respondent's petition for a hearing by the Supreme Court was denied September 15, 1947.