[Civ. No. 19048. Second Dist., Div. Three. Nov. 7, 1952.]

Estate of MICHAEL JAMES WALSH, a Minor. EDITH JAEGER, as Guardian, etc., Respondent, v. BERTHA I. WALSH, Appellant.

Joseph Scott, J. Howard Ziemann and John R. Kent for Appellant.

Reynolds, Painter & Cherniss for Respondent.

SHINN, P. J.—Bertha I. Walsh appeals from an order denying her petition to remove Edith Jaeger as guardian of the person and estate of Michael James Walsh, a minor 6 years of age, and for the appointment of herself as guardian, which order also granted the petition of Edith Jaeger for modification of an order respecting the custody of said minor. The order, before modification, allowed Mrs. Walsh to have the custody of the minor each Saturday and Sunday, and as modified gives her only the right to visit the child at reasonable times and upon reasonable notice in the home of Mrs. Jaeger.

A former appeal by Mrs. Walsh, paternal grandmother, from the order appointing Mrs. Jaeger, maternal grandmother, guardian, was before us two years ago. The decision on that appeal affirming the order is reported in 100 Cal.App. 2d 194 [223 P.2d 322, 22 A.L.R.2d 689]. However, at the time Mrs. Jaeger was appointed the court had not admitted to probate the will of Michael's father, in which he appointed his mother, Mrs. Walsh, guardian of the minor. The duly probated will was before the court in the instant proceeding and the principal question now presented is whether upon the facts found at the hearing the court was required to remove Mrs. Jaeger and appoint Mrs. Walsh.

In the petition of Mrs. Walsh it was alleged that Michael's father appointed her by his will as guardian of Michael and another child; that the father was of the Catholic faith; that Mrs. Jaeger would not rear Michael in that faith, and that she, Mrs. Walsh, would so so. These were the facts principally relied upon for the removal of Mrs. Jaeger. It was also

alleged that Mrs. Jaeger discouraged Michael from visiting Mrs. Walsh.

It appears to be the theory of appellant that as an appointee by will she would have had a better right originally to be appointed guardian by the court than would Mrs. Jaeger, even though the court had found that it was for the best interest of Michael that he should be under the guardianship of Mrs. Jaeger, and from this premise appellant argues that she, Mrs. Walsh, had a right to have Mrs. Jaeger removed and herself appointed.

■ The statutory provisions with respect to preference between persons equally entitled in other respects, which are governing in the matter of the appointment of guardians, are not applicable to · a proceeding for the removal of a guardian. The question is not presented and we intimate nothing as to whether one appointed by a will, or another applicant whose appointment is found by the court to be for the best interests of the minor, has the better right to guardianship.

.The causes for removal of a guardian are stated in section 1580 of the Probate Code.[1] ■ The fact that one had a preferred right to be appointed is not a cause for removal of another who has been duly appointed. ■ A guardian may not be removed for a cause other than those stated in section 1580. (*Guardianship of Sturges,* 30 Cal.App.2d 477 [86 P.2d 905] ; *In re Raynor,* 74 Cal. 421, 425 [16 P. 229] ; *Estate of Atkins,* 121 Cal.App. 251 [8 P.2d 1052] ; *Guardianship of Kimball,* 80 Cal.App.2d 884 [182 P.2d 612] ; *Guardianship of Sherman,* 42 Cal.App.2d 251 [108 P.2d 717] ; *In re Kandarian,* 187 Cal. 479 [202 P. 647] ; *Sakurai* v. *Superior Court,* 65 Cal.App. 280 [223 P. 575] ; 39 C.J.S. p. .65.)

■ The facts alleged in the petition were legally insufficient to state a cause for the removal of Mrs. Jaeger. ■ The court found that Mrs. Jaeger has properly discharged her duties as guardian and that it is to the best interests of Michael that he remain under her guardianship. This finding was made

---

[1] "§ 1580. Causes for removal of guardian. A guardian appointed by will or deed or by the court may be removed by the court for any of the following causes: (1) For waste or mismanagement of the estate, or abuse of his trust; (2) For failure to file an inventory or to render an account within the time allowed by law, or for continued failure to perform his duties; (3) For incapacity to perform his duties suitably; (4) For gross immorality; (5) For having an interest adverse to the faithful performance of his duties; (6) For removal from the state; (7) In the case of a guardian of the property, for insolvency; or (8) When it is no longer necessary that the ward should be under guardianship.''

upon conflicting evidence and is conclusive as to the facts found. The clear effect of the finding is to negative the existence of any of the causes for removal of a guardian specified in section 1580. Hence, the court would have been unjustified in removing Mrs. Jaeger as guardian.

We have not overlooked the contention of appellant which is stated as follows: ''The court's refusal to appoint appellant as guardian is a violation and a denial of the religious freedom, due process and equal protection of law guarantees of the United States and California Constitutions.'' It is sufficient upon this point to repeat that the procedure for the removal of a guardian is purely statutory, and to add that it is clearly within the power of the Legislature to make laws governing the appointment and removal of guardians. There are numerous considerations which should influence the court in the appointment of guardians that are foreign to a removal proceeding.

 There remains appellant's final contention that it was an abuse of discretion for the court to terminate appellant's right to have Michael with her each Saturday and Sunday, and to permit only visits with him at the home of Mrs. Jaeger.

With reference to the petition for modification, the court found the following facts: ''(4) Since the Order appointing *your petitioner* guardian of the person of Michael James Walsh, a minor, was made, the conditions and circumstances surrounding the parties and the minor and upon which said Order was based, have materially changed, in this: (a) On many occasions after the minor, Michael James Walsh, returned from the weekend custody, which the respondent Bertha I. Walsh has had, said minor by the acts, conduct and statements of said respondent Bertha I. Walsh was made emotionally upset, nervous, confused, insecure, restless and disobedient, which conditions were removable only through special effort, reassurances, care, love and affection given to said minor by petitioner Edith Jaeger; (b) That much dissension exists between the grandparents concerning the care and welfare of said minor, which is detrimental to the best interests of said minor and which has led to confusion and a feeling of insecurity in the mind of the minor. Such dissension arises in part from differences in religious philosophies and beliefs maintained by petitioner and respondent. The present arrangement, contained in the Order appointing Guardian herein, providing for the minor's spending part of the time in

the home of the Jaegers and part of the time in the home of the Walshes, is not for the best interests of the child, but it is for the best interest of the child that he remain at all times in the home of the Jaegers.'' It was further found that while the child was with Mrs. Walsh he was instructed in the Catholic faith, and while with Mrs. Jaeger, in the Lutheran faith; that Mrs. Jaeger is a fit and proper person to be guardian and has performed her duties as such in a proper manner; that Mrs. Walsh is not a proper person to be appointed guardian ''by reason of the findings herein made''; that Mrs. Jaeger has not discouraged Michael from visiting Mrs. Walsh; and ''it is for the best interests of said minor with respect to his temporal, moral and mental welfare that Edith Jaeger remain as his guardian.'' The finding that Mrs. Walsh is not a proper person to be appointed guardian is merely a conclusion from the other facts found. It is not material as a finding or as a conclusion, inasmuch as the determinative issue was whether Mrs. Jaeger should be removed and not whether Mrs. Walsh should be appointed in case she were removed.

We think a sufficient answer to the criticism of the modifying order is to be found in the testimony of Mrs. Walsh. With commendable candor and good judgment she testified as follows, in answer to questions by the court: ''Q. Do you feel it is for the best interests of the child that he be in one home the entire period rather than being divided between the two homes? The Witness: I certainly think it is better, Judge, and I think everybody knows that to take a child and move his bed and move his food and have this dissension going on, it cannot go on this way. The court: In other words, being divided, part in one and part in another, is detrimental to the best interests of the child? The witness: I know it is. To have a child so—having this bickering, and things, going on between the—the unfriendliness, the attitude like that—I know that isn't the right way to bring up a child. I have brought up four children myself.''

The trial judge was impressed by this testimony of Mrs. Walsh and after quoting the same in a memorandum decision stated that the minor had expressed the desire to live in the home of the Jaegers, and that it was clear to the court that the present arrangement under which the minor was spending part of the time in the home of the Jaegers and part of the time in the home of Mrs. Walsh was not for the best interests of the child.

Since no legal cause was established for the removal of Mrs. Jaeger and the appointment of Mrs. Walsh, the modification was, without doubt, a proper one.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 5, 1953.