[Civ. No. 25377. Second Dist., Div. Two. Oct. 20, 1961.]

Guardianship of the Person and Estate of [NO NAME] GUIDRY, a Minor. RAYMOND ELBERT McEUEN et al., Appellants, v. LOS ANGELES COUNTY BUREAU OF ADOPTIONS, Respondent.

Lyle W. Rucker for Appellants.

Harold W. Kennedy, County Counsel, and Jean Louise Waller, Deputy County Counsel, for Respondent.

ASHBURN, J.—Appeal from order revoking letters of guardianship of the person of [No Name] Guidry, a minor, rendered under section 1580, subdivision (8) of the Probate Code upon the ground that said guardianship is no longer necessary.

The minor child, born September 9, 1958, was in the home of Raymond Elbert McEuen and Anna Lee McEuen, husband and wife, appellants herein, from September 10, 1958, to February 29, 1960. On or about October 8, 1958, appellants filed a petition for the adoption of said child. Thereafter, on February 27, 1959, with the written consent of the child's natural mother, appellants filed their petition for appointment of guardian. On June 15, 1959, an order was made appointing Mr. and Mrs. McEuen guardians of the person of [No Name] Guidry, and on June 16 Letters of Guardianship issued.

The father of said minor, on April 27, 1959, signed a "Relinquishment (Parent Outside California in Armed Forces)" of the said minor child to the Los Angeles County Bureau of Adoptions. And on June 1, 1959, the mother of said minor signed a "Relinquishment (Out of County—Joint Custody)" of said child to the said Bureau of Adoptions.

On February 29, 1960, the court in the adoption matter denied appellants' petition for adoption and, pursuant to that court's order, the care, custody and control of the said minor was delivered forthwith to the Los Angeles County Bureau of Adoptions and the child has since remained in the care and custody of said bureau.

On September 13, 1960, the Bureau of Adoptions filed herein its petition for revocation of letters of guardianship upon the sole ground that, pursuant to Probate Code section 1580, subdivision (8) "It is no longer necessary that the ward should be under guardianship." On November 7, 1960, the court entered its order revoking said letters of guardianship and the appeal is from this order.

The conclusion of the trial court that "It is no longer necessary nor convenient that the ward should be under guardianship" is based upon these findings: (I) the relinquishment to the bureau signed by the mother; (II) the relinquishment

to the bureau signed by the father; (III) "That the petition of RAYMOND ELBERT McEUEN and ANNA LEE McEUEN for the adoption of the said Minor was denied by the above-entitled Court on February 29, 1960, for the reason that it was not in the best interests of the Minor that the Minor remain in the home of the said Petitioners"; (IV) that the said minor, pursuant to court order, was delivered into the care and custody of the Los Angeles County Bureau of Adoptions on February 29, 1960; and (V) that said bureau has provided all necessary care and support for the said minor in a foster home from said date to the present time.

Appellants first contend that there is no evidence in support of Finding III. It is alleged in the petition for revocation of letters of guardianship that "this court, in Department 7 thereof, on the twenty-third day of February, 1960, determined that it was not in the best interests of the minor that the minor remain in the home of the said petitioners, Raymond Elbert McEuen and Anna Lee McEuen, and that it was not in the best interests of the minor that she be adopted by said petitioners, and said court denied the Petition for Adoption. . . ." The appellants do not, in their answer, deny these allegations. At no time have appellants claimed that the court in the adoption proceedings did not make such a determination. Their failure to deny these allegations must be construed as an admission of their truth, obviating the need for introducing evidence thereof. (Code Civ. Proc., § 462; 39 Cal.Jur.2d § 16, p. 25; Witkin, California Procedure, § 516, p. 1509.) Thus, the contention that Finding III is unsupported is without merit.

It is alleged in appellants' answer to the petition herein: "Deny that it is not in the best interest of said minor No Name Guidry that said minor remain in the home and custody of said Guardians. Allege in this connection that the said Guardians are well qualified, fit and proper person[s] in every respect to have the custody and possession of said minor, and that it was an abuse of discretion for the Court . . . to deny the Petition of Adoption by the Guardians of said minor." These allegations, and appellants' arguments upon this appeal as to the validity and propriety of the order in the adoption proceeding, merely constitute an attempt to relitigate that matter. No appeal was taken from that order and it has become final. The merits of that decision cannot be reviewed in this proceeding. Furthermore, the within petition is based

solely, as aforesaid, upon subdivision (8) of Probate Code section 1580—that said guardianship is no longer necessary.

Appellants' next contention is that the court's conclusion of law that it is no longer necessary or convenient that the ward should be under guardianship is not supported by the evidence or the findings.

The only evidence in this case consisted of the testimony of Walter A. Heath, Director of the Los Angeles County Bureau of Adoptions, and the receipt in evidence of the two relinquishments. This evidence supports the facts set forth in Findings I, II, IV and V. No contention is made that the minor was not validly relinquished to the agency for adoption.

The order of June 15, 1959, appointing appellants as guardians, establishes that as of that time such guardianship was necessary and proper. (*Guardianship of Sturges*, 30 Cal.App. 2d 477, 489 [86 P.2d 905].) A guardian may not be removed for a cause other than those stated in section 1580, Probate Code. (*Estate of Walsh*, 114 Cal.App.2d 82, 84 [249 P.2d 578].) The burden rests upon the moving party to establish that the guardianship is no longer necessary. (*Guardianship of Brock*, 154 Cal.App.2d 431, 433 [316 P.2d 3].)

Probate Code section 1500 provides: "Every guardian has the care and custody of the person of his ward . . . according to the order of appointment, until legally discharged. . . ." On the other hand, Civil Code section 224n provides, in part, that "The agency to which a child has been relinquished for adoption shall be responsible for the care of the child, *and shall be entitled to the custody and control of the child at all times until a petition for adoption has been granted.*" (Emphasis added.)

In *Guardianship of Henwood*, 49 Cal.2d 639 [320 P.2d 1], upon death of the mother the father relinquished the children to a licensed adoption agency. Their maternal grandmother petitioned for guardianship, but the trial judge declined jurisdiction on the ground that relinquishment under Civil Code section 224n precludes a guardianship proceeding. In reversing, the Supreme Court points out that "the adoption provisions and the guardianship provisions cannot operate to control the custody of the same child at the same time. A child cannot be in the custody of a guardian subject to the control of the court and at the same time be in the custody and control of the agency. In any given case the right to

custody must rest with one custodian or the other for no machinery is provided whereby it may be divided between them. Neither in the statutes with respect to guardianship nor in those with respect to adoption, however, has the Legislature expressly provided which should prevail." (P. 643.)

Further: "In the absence of an express provision depriving the court of power to appoint a guardian of a child that has been validly relinquished for adoption, we do not believe that the adoption statutes may reasonably be interpreted as depriving such a child of the protection afforded by guardianship proceedings in a proper case. . . . Certainly, the Legislature would not leave such a curtailment of the court's power to be drawn by inference alone from adoption provisions that contain no reference to guardianship proceedings. . . .

"Our conclusion that the adoption statutes do not preclude the appointment of a guardian for a validly relinquished child does not mean that the court may ignore the adoption procedures and supersede them by the appointment of a guardian on grounds that, absent relinquishment to a licensed agency, might support the conclusion that the appointment of a guardian was necessary or convenient. (*Cf. Guardianship of Minnicar*, 141 Cal.App.2d 703, 707 [297 P.2d 105].) The statutory provisions can be reconciled and effect given to both statutory schemes for protecting the welfare of the child only if the requirement of necessity or convenience for the appointment of a guardian is interpreted in the light of the agency adoption provisions in the case of relinquished children. Only in this way is it possible not only to prevent abuses of the adoption procedure but also to protect that procedure from interference when it is functioning properly. As stated above, adoption is ordinarily to be preferred to guardianship. . . . In the light of these considerations, we conclude that the statutes governing the adoption of relinquished children express by clear implication a legislative determination that the appointment of a guardian is not necessary or convenient while the adoption procedure is running its proper course. Accordingly, in the absence of a showing that the agency is unfit to have the temporary custody of the child or that it is improbable that the child will be adopted, the appointment of a guardian is neither necessary nor convenient. On the other hand, if the agency is shown to be unfit, the child's immediate welfare demands intervention, and if it is shown that adoption is im-

probable, continued waiting-room custody by the agency can no longer be justified as promotive of adoption, and the guardianship of a willing relative may well better serve the best interests of the child.'' (Pp. 644-646.)

 This interpretation and reconciliation of the adoption and the guardianship statutes by the Supreme Court are controlling here. Appellants have made no showing that the agency is unfit to have temporary custody or that adoption is improbable. Therefore the guardianship is no longer necessary, and, pursuant to Probate Code section 1580, subdivision (8), the court must remove the guardian. (*Guardianship of Case*, 57 Cal.App.2d 844, 848 [135 P.2d 681]; *Guardianship of White*, 84 Cal.App.2d 624, 628 [191 P.2d 466].) Whether sufficient cause to remove a guardian exists is a question of fact to be determined in the broad discretion of the trial court. (*Guardianship of Reynolds*, 60 Cal.App.2d 669, 680 [141 P.2d 498]; *Guardianship of Brock, supra*, 154 Cal.App. 2d 431, 433; *Guardianship of Russell*, 21 Cal.2d 767, 772 [135 P.2d 369]; 24 Cal.Jur.2d § 148, p. 336.) We conclude that there was a sufficient showing of cause and there has been no abuse of discretion on the part of the trial court.

There is no merit in the contention that the court erred in not permitting Mr. Heath to answer a certain question upon cross-examination. The witness was asked whether the court in the adoption proceedings was informed of the fact that the McEuens were at that time guardians of the said minor,—clearly immaterial to the within proceeding.

Nor are we in a position in this proceeding to pass upon the refusal of the lower court to issue a writ of habeas corpus prior to the commencement of this proceeding.

Order affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 13, 1961.