The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES**, a New York corporation, Plaintiff,

v.

John E. ROSE and Rita Rose, Guardians of the Estate of Mayme Jolene Thayer and Donald Ralph Curry Pritchard, nee Donald Ralph Curry, Minors, and Jessie Curry and Fay Curry, Guardians of the Estate of Donald Ralph Curry Pritchard, a Minor, Defendants.

**Civ. A. No. 8797.**

United States District Court
D. Colorado.

Nov. 30, 1965.

Thomas T. Crumpacker, Denver, Colo., for plaintiff.

Thornton H. Thomas, Jr., Burlington, Colo., for defendants John E. Rose and Rita Rose.

H. Alan Curtiss, Alliance, Neb., and James E. Hautzinger, Denver, Colo., for defendants Jessie Curry and Fay Curry.

ARRAJ, Chief Judge.

This interpleader action was tried to the Court. Plaintiff is a New York corporation, and the adverse claimants have diverse citizenship; the amount in controversy exceeds $500.00. The Court has jurisdiction over the parties and the subject matter.

▪ The facts surrounding this dispute are uncontroverted. The plaintiff insured Leondina A. Thayer, an employee of Employers Mutual Liability Insurance Company of Wisconsin, under a Group Life Insurance Policy for $15,000.00. The insured had two children, Donald Ralph Curry Pritchard and Mayme Jolene Thayer, who were named by the insured as beneficiaries of the policy proceeds. Of the total policy proceeds, only the share of Donald Ralph Curry Pritchard, $7,-500.00. is the subject of controversy in this action; the share belonging to the other child of the insured, Mayme Jolene Thayer, was duly paid by the plaintiff to her legally appointed guardians. On or about May 3, 1962, defendants Curry were appointed guardians of the person and estate of Donald Ralph Curry Pritchard by the County Court of Box Butte, Nebraska. In the course of the appointment proceedings, the insured entered a written consent to such appointment. Since sometime prior to May 3, 1962, Donald Ralph Curry Pritchard has resided in Nebraska. Subsequently, on July 25, 1963, with full knowledge of this prior appointment, the insured completed a change-of-beneficiary form with her employer wherein she attempted to appoint defendants Rose the legal guardians of Donald Ralph Curry Pritchard with respect to the benefits under the policy. The insured died on June 3, 1964 and the defendants Rose were appointed guardians of the estate of Donald Ralph Curry Pritchard by the County Court of Lincoln, Colorado, on July 6, 1964. Presented with conflicting claims to the policy proceeds, the plaintiff instituted this action.

The issues presented for determination are

1. Which of the two contestants are the proper guardians of the estate of Donald Ralph Curry Pritchard; and

2. Whether the plaintiff is entitled to reasonable attorney fees, and, if so, in what amount.

Before proceeding to the consideration of these issues, it must be noted that a guardian of the estate of another does not take title to the property of the ward; title vests in the ward, but the duties of care, management, and protection of that property devolve upon the guardian. Thus, upon a determination of which of the two contestants is the appropriate guardian, the question of who is entitled to hold the proceeds of the policy is necessarily determined. But, irrespective of the outcome of this contest, the legal title and beneficial enjoyment of the benefits remains with the beneficiary, Donald Ralph Curry Pritchard.

▪ It is clearly established that where a guardian of the person and estate of another has been validly appointed by a court of competent jurisdiction and has not resigned or been removed by the appointing court, there cannot be a subsequent valid appointment of another person as guardian of the estate of the same ward. The underlying basis of this principle is that the subsequent appointment, whether testamentary or otherwise, is an improper collateral attack of the initial appointment. In re Kimball's Guardianship, 80 Cal.App.2d 884, 182 P.2d 612 (1947); In re Kenna's Estate, 348 Pa. 214, 34 A.2d 617 (1943);

Stowe v. Kramer, 85 Ind.App. 318, 154 N.E. 32 (1926). See generally 39 C.J.S. Guardian and Ward § 7. Since a subsequent judicial appointment must fail, then, *a fortiori*, an attempt of an individual to achieve the same result is likewise prohibited.

 Counsel for defendants Rose asserted in argument that a trust rather than a guardianship of the proceeds was intended by the insured, the trustees thereof being the defendants Rose. We find this argument unconvincing. See 1 Scott, Trusts § 7 (1960). An examination of the language used by the insured fails to disclose any clear intention that a trust be created or inferred; on the contrary, she negated any such inference when she used the clear and unequivocal language that,

> I also herewith appoint John E. and Rita Rose, * * *, as *legal guardians* of any one or both of the above beneficiaries, until they have reached the age of 21, insofar as handling *of any benefits. (Emphasis supplied.)*

Furthermore, assuming arguendo that a trust was created by the insured through the use of such language, there is a total lack of any affirmative duties imposed by her upon the trustees to deal with the proceeds for the benefit of the beneficiary. The language "* * * handling any benefits * * *" is too general and vague to meet the requirement that the trustee be vested with certain clear duties to deal with the trust res for the benefit and well being of the beneficiary. These duties must appear from the instrument creating the trust and cannot be left to inference.

Passing to the question of whether the plaintiff is entitled to any attorney's fees, it is noted that under the terms of the policy, the plaintiff did not have the right to approve or disapprove of the change in beneficiary effected by the insured. In fact, the plaintiff had no knowledge whatsoever of the change until after the death of the insured. Since adverse claims to the insurance proceeds were filed by the defendants, an interpleader action was proper on the part of the plaintiff, and, consequently, it is entitled to reasonable attorney's fees. Accordingly, it is

Ordered that the share of the proceeds of the life insurance policy belonging to Donald Ralph Curry Pritchard, $7,500.00 be paid to Jessie and Fay Curry as Guardians of the Person and Estate of Donald Ralph Curry Pritchard, a minor. It is further

Ordered that the plaintiff is entitled to reasonable attorney's fees in the amount of Two Hundred Dollars ($200.00) and costs of suit.

Inasmuch as this Memorandum contains a statement of the facts as found by the Court and the Court's conclusions thereon, no formal Findings of Fact and Conclusions of Law need be entered.

Counsel for defendants Curry will prepare and submit an appropriate judgment.