[No. 11151.   Department Two. — November 17, 1885.]

# IN THE MATTER OF THE GUARDIANSHIP OF LAURA DANNEKER, A MINOR.

GUARDIANSHIP — JURISDICTION — CONFLICT. — A petition for letters of guardianship of a minor was filed in the Superior Court of the city and county of San Francisco, stating that the minor was a resident of such city and county, but was temporarily at school in Alameda County. A citation was issued and served upon all the parties interested requiring them to appear and show cause why the petition should not be granted. Before the day fixed for the return of the citation, one of the parties on whom it had been served applied to the Superior Court of Alameda County for letters of guardianship of the minor, which were issued to him, the fact of the previous application not being brought to the knowledge of the court. *Held*, that as the Superior Court of the city and county of San Francisco had jurisdiction to hear and determine the question of the residence of the minor, the need of a guardian, and the propriety of appointing the petitioner, it could not be deprived of this jurisdiction by the subsequent proceedings in the Superior Court of Alameda County.

APPLICATION for a writ of prohibition. The facts are stated in the opinion of the court.

*Chas. P. Goff,* and *Robt. Ferral,* for Petitioner.

*A. H. Loughborough,* for Respondent.

MYRICK, J. — Application for a writ of prohibition to the Superior Court of the city and county of San Francisco, Department Nine.

On the 19th of June, 1885, one Teresa McGee presented her petition to the said Superior Court of the city and county of San Francisco, in which she averred that some six years ago Mrs. Danneker, a widow, the mother of the said Laura, placed the child under her care as Superioress of St. Joseph's Orphan Asylum in said city and county; that afterward the mother died leaving no estate except $170, which had been expended in the maintenance of said Laura and two other of her minor children; that after the death of the mother the petitioner placed the said Laura under the care of a Mrs. Trendle, who agreed to support and raise her under her personal care; that afterward Mrs. Trendle, without the knowledge of petitioner, gave the custody of the child to Jacob Michelson, who had ever since had the custody of her, and that she was then at a boarding-school in Alameda County, kept by Mrs. Kegler; that said

child was then nine years of age, a full orphan, and had no property and no guardian; that said Michelson and Mrs. Trendle and the said child were residents of said city and county, though the child was temporarily at a school in Alameda County; and the petitioner prayed that letters of guardianship be issued to her.

The Superior Court made an order that citation issue, returnable June 30th, and that it be served on the said minor and on Jacob Michelson, Mrs. Trendle, and Mrs. Kegler. The citation was duly served.

After the service of the citation, and on the 23d of June (the return day of the citation being June 30th), the said Michelson presented a petition to one of the judges of the Superior Court of Alameda County, in which he averred that said minor was a resident of Alameda County, under the care of Mrs. Kegler, and had no guardian, and prayed for letters of guardianship. The petition was signed by said Michelson and C. P. Goff as his attorney. In this petition no mention was made of the proceedings in the Superior Court of the city and county of San Francisco, and the judge in Alameda County not being informed thereof, made an order for service of citation on Mrs. Kegler and Mrs. Trendle. On the return day, to wit, June 29th, after hearing evidence offered by Michelson, the court found that the minor resided in Alameda County, and granted the prayer of the petition of Michelson for letters. On the return day of the citation in the Superior Court of the city and county of San Francisco, to wit, June 30th, the said Michelson, by his attorney, filed objections to the petition of the said Teresa McGee, and the hearing was postponed until July 14th, on which day the said Michelson, by his said attorney, presented a certified copy of the proceedings in the Superior Court of Alameda County, and moved that the petition of said Teresa McGee be dismissed, on the ground that the court had no jurisdiction, letters having been already granted to him by the Superior Court of Alameda County. Further hearing was continued to July 23d, and before that day an alternative writ of prohibition herein was granted, and an order to show cause made.

There is no doubt that at the time the said Teresa McGee presented her petition to the Superior Court of the city and

county of San Francisco, and citation was served on Michelson and the others, that court had jurisdiction to hear and determine whether the minor was a resident of that city and county, and required a guardian, and whether the said Teresa was a proper person to be appointed.    The question, then, is presented, could Michelson (instead of presenting the issue of residence and the other subjects involved to the Superior Court of the city and county of San Francisco), step over to Alameda County, obtain letters there, and thus oust the former court of jurisdiction to proceed?    We think not.    It is proper to presume that the Superior Court of Alameda County will, when its attention is brought to the fact that a petition was first filed in the city and county of San Francisco, revoke its order of appointment and recall its letters, to the end that there may be no conflict of jurisdiction.    It is apparent there cannot be two guardianships in two different courts at the same time.    Letters will be issued, if necessary, by the court of the county where it may be legally determined the child resides.

Further than this, it is not necessary to go at the present time, except to suggest if Mr. Michelson and his attorney, C. P. Goff, did, as is stated in some of the papers herein, resort to the court in Alameda County for letters, instead of meeting the question in the court in San Francisco, as a trick, it was a hazardous proceeding; for as to Mr. Michelson, by section 1209 of the Code of Civil Procedure, it is declared to be a contempt to practice "deceit or abuse of the process or proceedings of the court by a party to an action or special proceeding"; and as to Mr. Goff, by section 282 of the Code of Civil Procedure, he was forbidden to seek to mislead a judge by artifice.

We do not intend to prejudge the proceedings taken by either one; we desire merely to call attention to the risk that may have been run.    When Mr. Michelson filed his petition in Alameda County, he had already been served with citation to appear before the Superior Court of the city and county of San Francisco, which court then had, as to him, jurisdiction to hear and determine.

The application for the writ is denied, and the order heretofore made is vacated.

MORRISON, C. J., and THORNTON. J., concurred.