[Civ. No. 7028. Third Dist. Nov. 23, 1943.]

VICTOR MILANI et al., Petitioners, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Leslie A. Cleary, F. W. Halley and Errol C. Gilkey for Petitioners.

Ralph E. Hoyt, District Attorney, R. Robert Hunter, Stanley C. Smallwood and Karma Dudleigh, Deputies District Attorney, and George F. Sharp for Respondent.

SCHOTTKY, J. pro tem.—Petitioners seek a writ of prohibition to restrain the Superior Court of the County of Alameda from proceeding to a hearing upon an application for a writ of habeas corpus filed by the mother of a minor child to obtain custody of the child from petitioners herein.

The petition herein alleges in substance that on June 30, 1943, petitioners filed in the Superior Court of Stanislaus County a petition to have themselves appointed guardians of the person of Carmen Arias, a minor child of the age of six years, in which petition it was alleged in part: That said minor was a resident of Stanislaus County; that she had been in the care and custody of petitioners since she was eight months old; that Ann Wilson, the mother of said child, had abandoned her and was not a fit or proper person to have the care and custody of said minor child; that the whereabouts of the father of said child was unknown. The petition further alleges that a copy of said petition for appointment of guard-

ians and a citation to appear at the hearing thereof and show cause why said petition should not be granted was served on said mother, Ann Wilson; and that the Superior Court of Stanislaus County on August 19, 1943, proceeded to hear said petition and thereafter made an order appointing petitioners guardians of said minor child, in which order the court found in part that said Ann Wilson, mother of said minor, had abandoned her when she was eleven months old and had left her with petitioners with the statement that she did not want said child; that said minor child had been in the care and custody of petitioners ever since, and had been supported and maintained by them; that said minor child was a resident of Stanislaus County and domiciled therein; that said Ann Wilson was not a fit and proper person to have the custody, care or guardianship of said minor. The petition herein further alleges that said Ann Wilson filed in the Superior Court of Stanislaus County a motion to dismiss said petition for letters of guardianship which said motion was denied by said court on September 7, 1942. The petition then alleges that said Ann Wilson on July 22, 1943, filed in the Superior Court of Alameda County the application for writ of habeas corpus hereinbefore referred to and that said superior court will proceed to hear said petition unless prohibited from so doing.

A copy of the application for habeas corpus appears in a supplemental answer filed by respondent, and such application recites in substance that Ann Wilson is the mother of said child, that said child is in the care of petitioners herein, that she is now able to provide for said child and that she has demanded that petitioners herein surrender said child to her but that they have refused to do so.

Respondent superior court, by the District Attorney of Alameda County, has filed a demurrer and answer to said petition for a writ of prohibition, but at the oral argument said counsel conceded that the petition correctly states the facts as to the proceedings in Stanislaus County; and the only point raised by respondent and argued by it is that in spite of those facts it has a right to pass upon the question of the validity of the proceedings in Stanislaus County and the jurisdiction of that court to appoint a guardian.

It may be well to observe at the outset that the application for a writ of habeas corpus filed in Alameda County merely asserts the right of the petitioner therein to the custody of said minor, and contains no allegation that said minor is

"unlawfully imprisoned or restrained of her liberty." Therefore, said application for habeas corpus must, according to its allegations, and by the admission of respondent in its brief, be considered merely as a proceeding by which the mother of the child seeks to obtain custody of the child from the petitioners herein.

Section 1440 of the Probate Code provides in part:

"When it appears necessary or convenient, the superior court of the county in which a minor resides or is temporarily domiciled, or in which a nonresident minor has estate, may appoint a guardian for his person and estate, or person or estate."

■ It must be conceded upon the record here that Carmen Arias, the minor child here involved had resided and was domiciled in Stanislaus County for six years prior to the appointment of the guardians. Therefore it must be held that the superior court of that county had the jurisdiction and power to determine whether under all the circumstances "it appears necessary or convenient" to appoint a guardian of the person of said minor. It is not disputed that a petition for the appointment of guardians was filed in Stanislaus County and that Ann Wilson, mother of said child, and the petitioner in the habeas corpus proceeding, was given timely notice of the hearing thereof, nor is it disputed that a hearing was held upon said petition for appointment of guardians and that upon such hearing the Superior Court of Stanislaus County found as set forth in the petition for prohibition herein. We have, then, a factual situation in which the mother of the child, after due notice that the petition for guardianship of the child was to be heard in the Superior Court of the County of Stanislaus, in which county the child was domiciled, and had been domiciled for several years, did not choose to appear and contest said petition, but thereafter sought, and seeks, by an application for a writ of habeas corpus filed in Alameda County, where said minor is not, and has not been, domiciled, to have the custody of said child restored to her.

■ Respondent contends that the Superior Court of Alameda County has the right to proceed to hear the application for a writ of habeas corpus and decide therein whether or not the Superior Court of Stanislaus County had jurisdiction to appoint petitioners herein guardians of said minor, notwithstanding the fact that it clearly appears from the record here not only that the Superior Court of Stanislaus County did have jurisdiction but that said court found and decided

that it did have jurisdiction. We are unable to agree with the contention of respondent because, in our opinion, such a holding would lead to absurd results and is not supported by either reason or authority.

The action of the Superior Court of Stanislaus County in appointing petitioners guardians of the minor was a judicial proceeding from which an appeal could have been taken. But where, as here, it is clear that the said superior court did have jurisdiction to appoint the guardians, the mother of the minor child cannot upon a proceeding in habeas corpus establish a right to the custody of the minor as against the guardians.

There is a striking similarity between this case and the case of *Browne* v. *Superior Court,* 16 Cal.2d 593 [107 P.2d 1, 131 A.L.R. 276]. In that case a guardian of the person and estate of an incompetent person had been appointed in Santa Barbara County and the guardian of said incompetent aged woman kept and had her cared for in the Greer Home in San Francisco, his action in so doing having been approved by the Superior Court of Santa Barbara County in a hearing upon a petition requesting instructions. Thereafter another son of said incompetent person, on her behalf, filed in the Superior Court of the City and County of San Francisco an application for a writ of habeas corpus, alleging, in substance, that she was unlawfully confined in said Greer Home by said guardian, that she desired to return to Santa Barbara because the conditions and associations there were more conducive to her happiness and that the guardian refused to permit her to return to Santa Barbara. The guardian thereupon brought a proceeding in the Supreme Court to restrain the Superior Court of the City and County of San Francisco from hearing and deciding said application for a writ of habeas corpus. In granting a peremptory writ of prohibition the court said at pages 597, 598 and 599:

"The chief contention of petitioner is that the Santa Barbara court has exclusive jurisdiction over the custody of the incompetent, and that the San Francisco court has no power to interfere with it. This is the familiar proposition that where several courts have concurrent jurisdiction over a certain type of proceeding, the first one to assume and exercise such jurisdiction in a particular case acquires an exclusive jurisdiction. Thereafter another court, though it might originally have taken jurisdiction, is wholly without power to interfere, and may be restrained by prohibition. (See *Gorman* v. *Superior Court,* 23 Cal.App.2d 173 [72 P.2d 774].)

The rule is generally invoked where a proceeding is still pending; when it is completed and judgment has become final, jurisdiction has been exhausted and the rule has no application. . . .

". . . Under the law her guardian must choose her place of residence (Prob. Code, sec. 1500), and the Santa Barbara court has fully considered all matters pertaining thereto. These are all wholly within the jurisdiction of the Santa Barbara court, and are beyond the scope of any proceeding in *habeas corpus.* Ordinarily, the court in a *habeas corpus* proceeding of this kind can have but one issue to determine: Whether the applicant is being unlawfully deprived of liberty. If she is competent, she should be freed from all custody and may choose her own residence and mode of life. If she is incompetent, she is properly in the custody of her guardian and is not entitled to a discharge.

"It remains now to test the present proceeding by these principles. The application for the writ of *habeas corpus* contains allegations of illegal restraint of a competent person, which, standing alone, would doubtless give jurisdiction to the court to determine her competency and right to release from restraint. But there are statements in the pleadings and briefs which throw an entirely different light upon the proceeding. The petition for prohibition alleges that by the application for *habeas corpus* 'it is sought to free said ward from the custody of her guardian.' In the answer to the petition, filed by the attorneys who obtained the writ of *habeas corpus,* they 'Deny that by the application of Ella H. Browne for writ of *habeas corpus* it is sought to free said Ella H. Browne from the custody of her guardian.' And in one of their briefs said counsel state: 'Her petition for *habeas corpus* in the San Francisco Superior Court seeks her removal to Santa Barbara.'

"Because of this confusion, counsel at the oral argument were questioned as to the real object of the application. At that time counsel for the applicant denied any intention of seeking the release of the ward from custody or having the guardian removed, and stated that the purpose was, first, 'to enable this ward to have a certain measure of freedom, using that term in the sense of a desire on her part to be permitted to return to Santa Barbara'; second, 'to remedy unreasonable restraint upon her personal liberties with respect to the improper, as we contend, censorship of her mail and also the denial to her of the right to have visitors come to her at the Greer Home, where she was in effect kept *incommunicado* by

her guardian'. These statements constitute an abandonment of the only proper ground upon which the writ could issue. The action of the respondent court in issuing its writ of *habeas corpus* was undoubtedly based upon a misconception of the object of counsel who applied for it. The subsequent disclosures show that the matters sought to be determined, namely, the residence and method of treatment of the ward, are exclusively within the jurisdiction of the Santa Barbara court, and outside the scope of the writ of *habeas corpus*. If these facts had been brought to its attention, the lower court might properly have dismissed the proceeding. It is equally proper for this court to grant prohibition to restrain it.''

We deem it unnecessary to cite any additional authority upon a proposition that to us seems to be free from doubt. We may add, however, that the application for a writ of habeas corpus did not state that the minor child was a resident of or domiciled in Stanislaus County, but stated nothing as to the residence of said child. If it had been called to the attention of the Superior Court of Alameda County that the child herself was a resident of and domiciled within Stanislaus County such court might have dismissed said proceeding because it should have been filed in the Superior Court of Stanislaus County, where the child was illegally detained, if at all. ■ As is stated in 13 California Jurisprudence, page 261, section 37:

''In the absence of court rule or statute upon the subject the rule was early announced that a person illegally restrained of his liberty has not the privilege of selecting from the judiciary of the whole state the individual to whom he prefers to make his application. The application must be made to the local judge unless for good cause shown. . . .''

In view of the foregoing, let a peremptory writ of prohibition issue, restraining respondent superior court from trial or determination of the issues raised by said application for habeas corpus.

Thompson, J., and Adams, P. J., concurred.

A petition for a rehearing was denied December 22, 1943, and the following opinion was thereupon rendered:

THE COURT.—Respondent in its petition for a rehearing attacks the opinion filed herein as containing ''erroneous statements of material facts'' and as ''based upon

erroneous statements of the law." Respondent questions particularly the statement in the opinion that "It is conceded here that Carmen Arias, the minor child here involved, had resided and was domiciled in Stanislaus County for six years prior to the appointment of the guardians," and asserts that it made no such concession. We may have misunderstood what respondent conceded, but the concession is apparent from the pleadings themselves. The petition for the writ of prohibition alleges in paragraph I that petitioners have been residents of Stanislaus County for ten years immediately last past, and this allegation is not denied by the answer. The petition for a writ of habeas corpus, which appears in a supplement to the answer, sets forth that approximately four years ago Ann Wilson, the mother, placed the child in the care of the Milanis, petitioners herein, and that the said child has remained in their care ever since; and there is nowhere in said petition for habeas corpus or in said answer any allegation that said minor child is, or ever was, a resident of Alameda County. We will, however, modify our opinion by striking out the words, "It is conceded here" and substituting in lieu thereof the words, "It must be conceded upon the record here."

We believe the opinion correctly states the law that where the superior court of one county in a guardianship proceeding has determined that a minor child is a resident of that county, and that it is a proper case for the appointment of a guardian and has appointed guardians for said minor child, the superior court of another county may not proceed to hear a petition for a writ of habeas corpus filed therein after the filing of the petition for guardianship, which petition for habeas corpus seeks to take the custody of the minor from the guardians. As stated in the opinion, any other holding would lead to absurd results and is not supported by either reason or authority.

With the modification hereinbefore indicated, the petition for a rehearing is denied.

Respondent Ann Wilson's petition for a hearing by the Supreme Court was denied February 7, 1944. Shenk, J., and Carter, J., voted for a hearing.