[Civ. No. 14620. Second Dist., Div. Two. Nov. 21, 1944.]

Guardianship of HARRY DALE CAMERON, a Minor. HARRY CAMERON, Appellant, v. SIBBLE CAMERON WISSBECK, Respondent.

Leslie L. Heap for Appellant.

Arthur C. Miller and Lee A. Solomon for Respondent.

WOOD (W. J.), J.—This is an appeal by Harry Cameron from an order of the superior court whereby Sibble Cameron

Wissbeck, his former wife, was appointed guardian of Harry Dale Cameron, the minor son of appellant and respondent. Appellant relies upon an order of a court of competent jurisdiction in the state of Colorado, by which the exclusive custody of the child was awarded to him in a divorce action. In the Colorado action an interlocutory decree of divorce was granted to appellant on January 7, 1938, against respondent on the ground of adultery and in both the interlocutory decree and in the final decree, which was entered on September 14, 1938, the sole care, custody and control of the minor child, then eighteen months of age, was awarded to appellant. At all times since the commencement of the divorce action the child has been living with the parents of appellant in Colorado and has been supported by appellant. It is conceded that the Colorado home is a proper one and that the child has been well cared for. It is not claimed that appellant is an unfit person to have the custody of the minor. On November 17, 1942, appellant entered the army of the United States and he now is and has been for some time stationed at San Pedro, California. On May 13, 1943, appellant married a second time and is now living with his wife in San Pedro. No question is raised as to the fitness of the second wife. It is the intention of appellant and his wife to reside in Colorado after his discharge from the army. Shortly after her divorce respondent remarried and is now living with her second husband about five miles from San Fernando in Los Angeles county. Respondent filed a petition with the Colorado court in January, 1943, asking for a change in the custody of the minor. That court refused to modify its previous order giving exclusive custody of the child to appellant but by an order dated May 13, 1943, permitted respondent to bring the child to California for a visit and required that he be returned to Denver, Colorado, by August 20, 1943. Respondent testified at the hearing in the present proceeding that she had said she would do her best to keep the child if she could "get him out here." In her petition to be appointed guardian, filed on August 4, 1943, and set for hearing for August 17, 1943, respondent alleged that appellant is unable to properly care for the child because of "his inclusion in the armed forces of the United States." Harry Dale Cameron has no estate in California but he has some war bonds in Colorado. On the advice of his attorney appellant signed a paper giving consent to the

adoption of his son by his parents in the event of appellant's death while in the army.

The trial court found that "respondent retained said child contrary to said order" of the Colorado court. The court further found that appellant "is unable to properly care for said minor because of his induction into the armed forces of the United States . . . that the welfare and future of said child require the appointment of said Sibble Cameron Wissbeck, mother of said child, as his guardian."

█ The presence of a child in Los Angeles county gives the court jurisdiction to appoint a guardian notwithstanding he be a resident of the state of Colorado, but in such circumstances "the jurisdiction is never used except when necessary for the good of the child." (*De La Montanya* v. *De La Montanya*, 112 Cal. 131, 133 [44 P. 354].) The court is vested with discretion in determining when the appointment of a local guardian is necessary, but this discretion should be exercised in accordance with established legal principles. It should not be exercised arbitrarily or capriciously. █ It is thoroughly established that when a court of competent jurisdiction has made an order with reference to the custody of a child after a hearing given to both parties, the court will refuse a modification of its order unless it be shown that there is a change of circumstances which make a modification of the former order advisable from the point of view of the welfare of the child. █ The rule that a decree of custody may be modified only upon a showing of change of circumstances arising subsequent to the entry of the former decree is applicable when an attempt is made to modify the decree made in a divorce action in the court of a sister state (*Foster* v. *Foster*, 8 Cal.2d 719, 727 [68 P.2d 719], and cases there cited.)

█ We find nothing whatever in the evidence received at the trial in the present proceeding which, measured by the rules above stated, justified the court in modifying the order of the Colorado court. It was established that the Colorado court had given thorough consideration to the problem of the custody of the minor child and was fully informed concerning the pertinent facts. The child was then a resident of Colorado and had been under his father's care and living in the home of his paternal grandparents since early infancy. The mother was and had been for several years a resident

of Los Angeles County. The father had been in the army for a number of months before the Colorado court acted upon the mother's application for a change of custody. No change in these circumstances was shown at the Los Angeles hearing and no new circumstance has arisen since the hearing in Colorado which called for a change in the child's custody. It is suggested by respondent that appellant had seen his child in Los Angeles on only one occasion, when he was taken by respondent to appellant for a visit. But appellant gave a satisfactory answer to this contention when he testified that his permit to leave his station at San Pedro was of insufficient time to make the trip to respondent's home in the vicinity of San Fernando. Respondent mentions the fact that the trial judge had two conversations with the child in chambers and that the child told the judge that he wanted to remain with his mother. But it also appears that the child told the judge that he loved his father and his grandparents. The conversations of the judge with the child need not be given serious consideration, for it is evident that these conversations had little if anything to do with the order made by the court. In stating his views the judge said, "the particular reasoning of the court in this matter wasn't what the boy himself desired, because while that sometimes is persuasive and undoubtedly the court could consider it, but often times a boy of seven or eight years of age isn't in a position to exercise, really a sound discretion as to what is for his best interest. . . . But on the broad principle that this court has a very deep-rooted prejudice on this one proposition, I can't bring myself to the position of taking the child, where I have to make the choice. . . . And I wish I were a Solomon here and I could render a judgment that would give this boy to the father, the grandmother, and the mother, some way that they would all be satisfied. But it can't be done; the court must arbitrarily make one choice. I have very definite views that where the court finds he is in that position, that the natural mother is the person that is entitled to her offspring unless we have a very strong showing that she is not a good woman and that it will not be for the best interests of the child; and I don't think that showing has been made here."

It is apparent that the order, which in effect changes the custody of the child, was not made because of any change of circumstances after the order of the Colorado court was

made, but because the views of the Los Angeles court differed from the views of the Colorado court on the subject of the custody of children. It contravenes the doctrine of comity between the states of the Union, "[which] requires that a judgment granting a divorce and awarding the custody of a minor child rendered by a court of one state shall be conclusive in the jurisdiction of the other states, in the absence of a showing of changed conditions affecting the welfare of the child." (*In re Wenman*, 33 Cal.App. 592 [165 P. 1024].)

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied December 7, 1944, and respondent's petition for a hearing by the Supreme Court was denied January 18, 1945. Edmonds, J., Carter, J., and Spence, J., voted for a hearing.