[S. F. No. 17172. In Bank. Dec. 14, 1945.]

Guardianship of the Person and Estate of DEANNE PHILLIPS, a Minor. BERTRICE MARIE PHILLIPS, Respondent, v. DONALD E. PHILLIPS et al., Appellants.

W. C. Dorris, C. Fleharty, Jr., and R. W. Henderson for Appellants.

Fabian D. Brown for Respondent.

SHENK, J.—This is an appeal from an order granting letters of guardianship of the person and estate of Deanne Phillips, a minor, to her mother, Bertrice Marie Phillips.

In 1941 Bertrice Marie Phillips and Donald E. Phillips were husband and wife and were living in Kern County with their two-year-old child, Deanne. In November of that year the superior court in Kern County granted an interlocutory decree of divorce to the wife. In the decree it was provided that the wife was entitled to the custody of the child, but that the immediate care and control should be in Mrs. Mary Phillips, the child's paternal grandmother, who also resided in Kern County. The mother was given the right to visit and take the child on holidays and for a few days at a time not exceeding six days in any one month.

In October 1942, the mother took the child to her home in San Francisco, and several days later she filed in the Superior Court in the City and County of San Francisco a petition to have herself appointed guardian of the person of the minor pursuant to section 1440 of the Probate Code. The father and paternal grandmother, the appellants herein, received notice of the proceeding and moved for a change of venue to Kern County on the ground that the superior court in San Francisco had no jurisdiction to appoint a guardian of the minor, and that the superior court in Kern County had exclusive jurisdiction of the subject matter. The court granted the motion. On the mother's appeal from the order it was decided that the superior court in either the county of legal residence, Kern County, or of temporary domicile, San Francisco, had jurisdiction to appoint a guardian pursuant to section 1440 of the Probate Code. The order was reversed with directions to the trial court to pass upon the merits of the petition. (*Guardianship of Phillips*, 60 Cal.App.2d 832 [141 P.2d 773].)

Upon the going down of the remittitur the trial court appointed January 20, 1944, as the day for a further hearing.

A copy of the court's order fixing the time and place was served on the appellants through their attorney, but no appearance was made by them or on their behalf. At the time the matter was called for hearing the petitioner offered for filing an amended petition which contained the additional allegation that the minor would have an estate of $5,000 conditioned upon the appointment of petitioner as guardian of her person and estate, and that it was both necessary and convenient that the court appoint petitioner as such guardian. The court permitted the filing of the amended petition and proceeded with the hearing. A written agreement was introduced, dated December 1, 1943, wherein Mrs. Fawn A. Thompson, the petitioner's mother, promised the petitioner, on condition that the latter was appointed guardian of the person and estate of the minor, that she would pay the minor a total sum of $5,000, $500 thereof on the execution of the agreement (payment of which was in evidence) and $500 annually until the entire sum was paid. The agreement contained provisions purporting to give it the binding force of a judgment.

There was evidence that while the child was in the care of her paternal grandparent she was badly clothed, without under- or night-clothing, that she was not clean, that she was sick and unruly, and that in other ways she was not given proper care and protection. After her removal from Bakersfield to San Francisco the child was kept in a clean and healthy condition, was in a good home, in the frequent company of her mother, who earned $180 a month as a bus driver, and who was able to provide adequately for the child and give her personal care and attention. It also appeared at the hearing that the provision giving the immediate care of the child to the paternal grandparent, notwithstanding the fact that the mother was awarded legal custody, was inserted in the interlocutory decree because of the then circumstances of the mother which seemed to make it impossible for her to give to the child any personal attention.

The court granted the petition, appointed the mother as guardian of the person and estate of the minor, and required her to furnish a $5,000 guardian's bond.

The appellants contend that the court exceeded its jurisdiction in proceeding without additional notice to them and service upon them of a copy of the amended petition.

Section 1440 of the Probate Code provides: "When it ap-

pears necessary or convenient, the superior court of the county in which a minor resides or is temporarily domiciled, or in which a nonresident minor has estate, may appoint a guardian for his person and estate, or person or estate. The appointment may be made upon the petition of a relative or other person on behalf of the minor . . ."

Section 1441 provides: "Before making the appointment, such notice as the court or a judge thereof deems reasonable must be given to the person having the care of the minor and to such relatives of the minor residing in the state as the court or judge seems proper. In all cases notice must be given to the parents of the minor . . ."

In the decision on the former appeal it was determined that the jurisdictional facts had been established; that the requirements for notice had been complied with, and that the Superior Court in the City and County of San Francisco had jurisdiction to entertain the petition and to appoint the petitioner as the guardian of the minor.

The appellants do not argue that the notice given was insufficient if the amended petition had not been filed. Neither do they say that the showing, other than that concerning the estate of the minor, was insufficient to support the order appointing the petitioner as guardian. We have here, therefore, a situation where the petitioner was the legal custodian of the minor child under a decree of divorce; where the child in the care of the grandparent was not given proper attention and protection; where the parent having legal custody was a fit, proper and capable person to have the care of the minor; where the welfare of the child was best served by placing her in the care of her mother; where the appellants, including the father, were content to permit the court in their absence to decide the question of the proper care and welfare of the child on whatever showing could be made in that respect by the petitioner. Their only objection now is that the child will come into a $5,000 estate and that they were not given notice of the amended petition alleging that fact. They say that if they had been notified by service of a copy of the amended pleading, they might have been able to show that the petitioner's mother was unable to provide the promised estate for the child.

The appellants rely on cases holding that if an amended complaint be not served on the defaulting defendant there is no pleading upon which a judgment against the latter can be

sustained (*Linott* v. *Rowland,* 119 Cal. 452 [51 P. 687]). The rule is not applicable here. By enactment of the provisions of the Probate Code there was omitted from jurisdictional requirements any provision for the service of pleadings on anyone. The requirements are the filing of the petition stating the jurisdictional facts, the giving of notice to the persons designated in section 1441, and proof of those facts, and the additional showing of facts establishing necessity or convenience for the appointment. Appellants were the only persons to whom notice was required to be given, and they had notice both of the original and of the further hearing. Whether on the filing of the amended petition additional notice should have been given to them was, under the circumstances here shown, a matter of judicial discretion. The court in the exercise of such discretion proceeded with the hearing and made the appointment on the facts presented without requiring additional notice to the appellants. If the court had been persuaded that the best interests of the child would not be served by appointing the mother as the guardian, that no necessity or convenience in that regard existed, and that the agreement, as the appellants urge, was therefore merely simulated to meet the requirement of necessity or convenience, it undoubtedly would either have denied the petition or in the exercise of its discretion have required additional notice to the appellants and postponed the hearing. The exercise of the court's discretion in the present case may not be said to have been abused unless it may also be said that there was no support for the order appointing the petitioner as guardian of the minor. The facts in evidence, however, establish both necessity and convenience for the appointment of the petitioner, the child's legal and natural custodian, as guardian of her person (*cf. Guardianship of Burket,* 58 Cal.App.2d 726 [137 P.2d 475]), and therefore furnish ample support for the court's order appointing the petitioner as guardian of the person and estate of the minor. The evidence supports the order and no abuse of discretion in proceeding without additional notice of the hearing has been shown.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.