[Civ. No. 14355. First Dist., Div. Two. May 26, 1950.]

Guardianship of EDWARD THOMAS DENNY, Jr. (a Minor). EDWARD THOMAS DENNY, Appellant, v. MARY CAROLYN FINE, Respondent.

Melbert B. Adams and Bruce E. Clark for Appellant.

Jones, Lane & Weaver for Respondent.

NOURSE, P. J.—The petitioner and appellant sought letters of guardianship of his minor son aged 5 years. The trial court denied his petition.

The petitioner and respondent were married in 1941. They had two children. In 1946 respondent went to Nevada to get

a divorce, taking the older child, a girl, with her and leaving the younger, a boy, the subject of this controversy, with the father. By special agreement, and at the instance of respondent, the latter procured a condition in the Nevada decree that she should have custody of the daughter, and petitioner should have custody of the son. The respondent married another and made her home in Tracy. The appellant later remarried and retained his home in San Mateo County.

This condition continued for about three years when the respondent, under the false pretense that she would return the son to petitioner, procured the latter's consent to let the son visit her in Tracy. She refused to return him and started a suit in San Joaquin County to obtain legal custody. That action was transferred to San Mateo County and was pending at the time of the hearing of this proceeding.

Appellant proved a prima facie case for letters of guardianship and offered to make further and fuller proof, but the offer was denied by the trial court. Respondent made no counter showing relying wholly upon her asserted invalidity of the Nevada decree, and her surreptitious possession of the minor. All the authorities without exception support appellant's demand. He rested on a decree of the Nevada court awarding him custody of the minor and this decree was procured at the instance of respondent. If there was any fraud or imperfections in those proceedings they were all of the respondent's own choosing and she cannot now attack the decree. (*Estate of Davis,* 38 Cal.App.2d 579, 585 [101 P.2d 761, 102 P.2d 545] ; *Hensgen* v. *Silberman,* 87 Cal.App.2d 668, 671 [197 P.2d 356].) There are so many other cases of our appellate courts directly in point that it is sufficient to refer only to the recent ones of *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719] ; and *In re Kyle,* 77 Cal.App.2d 634 [176 P.2d 96], where earlier decisions are cited.

This court heard the Kyle matter on habeas corpus. The facts were the same as appear here—a Nevada divorce, and award of custody of the minor to the father, and the surreptitious "stealing" of the child by the mother. She made the same defenses as the respondent makes here. We ordered that the child be restored to the rightful parent before the mother could invoke the processes of the court and the same practice should be followed here.

Under section 1405 of the Probate Code a guardian of a minor is to be appointed "whenever necessary *or* convenient." The petitioner was entitled to make such proof but he was

denied that right. Though granting of the petition is to some extent discretionary, judicial discretion cannot be fairly exercised when the interested party is denied the right to present his proof. The petitioner here should be permitted to show that the appointment of a guardian for the minor was either necessary or convenient and the decision of that question cannot be wholly governed by a rejection of the Nevada decree.

Order reversed.

GOODELL, J., and DOOLING, J.—We concur in the order of reversal on the single ground that appellant was entitled to make his full proof that the appointment of a guardian of the person of his minor son was "necessary or convenient." (Prob. Code, § 1405.) We do not concur in the statement that the proof of appellant's right to the present custody of his son establishes even prima facie that an order should be made placing the minor under his guardianship.

The legal relationship of guardian and ward is not in all respects identical with that of parent and child even when the parent is entitled to the child's exclusive custody. The other parent can always secure an order changing custody upon a showing of changed circumstances (*Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719]), while a guardian, once appointed, can only be removed for the reasons specified in section 1580 of the Probate Code and changed circumstances is not one of the grounds there enumerated.

Because a guardianship creates new and different legal rights a petition for guardianship does not seem to us to be the most appropriate method by which to enforce one parent's present right to custody against the other parent. Habeas corpus or a motion for an order pendente lite in the pending custody proceedings would restore the custody to the father without creating a new and different legal relationship. We are satisfied that the probate court's discretion in determining whether the appointment of a guardian is "necessary or convenient" is not exclusively controlled by the single fact that a petitioning parent has the legal right to the minor's custody.