[S. F. No. 18236.   In Bank.   May 25, 1951.]

LUTHER GREENE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Canfield & Westwick and John A. Westwick for Petitioner.

Sullivan, Roche, Johnson & Farraher, Heaney, Price, Postel & Parma and George Chadwick for Respondent.

TRAYNOR, J.—Petitioner and Ellen Chamberlain Greene were married on August 28, 1940. There are two children of the marriage, Ellen C. Greene and Luther M. Greene, aged 7 and 5, respectively. On July 3, 1945, in Santa Barbara, Cali-

fornia, petitioner and his wife entered into a separation agreement by which she received custody of the children subject to petitioner's right to have them visit him at reasonable times and for reasonable periods aggregating four months each year. On the same day, Ellen Greene secured an interlocutory decree of divorce from petitioner in the Superior Court of the County of Santa Barbara. The court approved the separation agreement and incorporated it into the decree. It awarded custody of the children to Ellen Greene subject to petitioner's visitation rights, ''as provided in said agreement so above ratified and confirmed.'' The final decree was entered on July 5, 1946, and on the same day Ellen Greene married Joseph Martin, Jr. She and her husband and the children then moved to San Francisco and have resided there continuously until the present time.

On February 24, 1950, Ellen Martin filed a petition for letters of guardianship of the children in the Superior Court of the City and County of San Francisco. In her petition, she alleged that she had been awarded custody of the children by the decree of the Santa Barbara court, subject to petitioner's visitation rights, that the children had been permitted to visit petitioner in compliance with that decree, that their manner of living during such visits ''is inconsistent with their normal routine of life and . . . is detrimental to the welfare of said minors,'' and that the ''circumstances and conditions of said minors, as well as those of petitioner herein (mother of said minors), and of Luther Greene (the father of said minors), have been changed and altered since said July 3, 1945.'' She prayed for appointment as guardian of the persons and estates of the children and for an order ''awarding to her the custody and control of said minor children, and each of them; and that, in said order, their said father, Luther Greene, be . . . accorded the right to have said minors visit and reside with him during one month of each of said summer school vacations. . . .''

Petitioner was personally served in the matter and filed an answer and objection to the petition, denying most of the material allegations thereof and asserted as an affirmative defense that only the Santa Barbara court had jurisdiction to modify the provisions of its custody award and that the San Francisco court was therefore without jurisdiction to entertain the petition. Concurrently with the filing of his answer, petitioner filed a petition for modification of the final decree

of divorce in the Superior Court of the County of Santa Barbara. In the petition, filed March 28, 1950, he prayed for an order awarding him ''the care, custody and control of such said minor children during all of their summer school vacations and at reasonable times during their other school holidays, and . . . that the Petitioner herein have joint supervision of the care, welfare and education of the such said children.'' On May 1, 1950, at an oral hearing before the San Francisco court, petitioner objected to the jurisdiction of that court to hear and determine the petition of Ellen Martin insofar as it pertained to the guardianship of the children's persons. No objection was made to the court's jurisdiction to appoint a guardian of their estates. The objections were overruled by an order entered May 10, 1950, and petitioner now applies for a writ of prohibition to restrain the court from proceeding further in connection with the petition of Ellen Martin for letters of guardianship.

The order overruling petitioner's objections to the jurisdiction of the San Francisco court is not appealable. (Prob. Code § 1630; Code Civ. Proc. § 963.) His remedy by appeal from any order the court may enter after a hearing on the merits of Ellen Martin's petition is not adequate. ''[T]o compel petitioner to submit to an unwarranted retrial of the cause, and then appeal from the judgment if adverse to it, would not afford speedy or adequate relief.'' (*Tomales Bay Oyster Corp.* v. *Superior Court*, 35 Cal.2d 389, 392 [217 P.2d 968].) A petition for writ of prohibition is therefore a proper proceeding for questioning the jurisdiction of the San Francisco court.

Ordinarily the superior court of the county of a minor's residence or temporary domicile has jurisdiction to appoint a guardian. (Prob. Code, § 1440.) Petitioner contends, however, that it has no jurisdiction when the superior court of another county has made an award of custody of the minor in a divorce decree. He relies on the rule that when two or more courts in this state have concurrent jurisdiction, the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated. (*Browne* v. *Superior Court*, 16 Cal.2d 593, 597-598 [107 P.2d 1, 131 A.L.R. 276]; *Myers* v. *Superior Court*, 75 Cal.App.2d 925, 929 [172 P.2d 84]; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173, 177 [72 P.2d 774].) It is therefore necessary to determine how far the rule applies to the juris-

diction of the superior court over the custody of minors in divorce or guardianship proceedings.

■ The rule making exclusive the jurisdiction first acquired is particularly apposite to prevent unseemly conflict between courts that might arise if they were free to make contradictory custody awards at the same time. (See *Milani* v. *Superior Court*, 61 Cal.App.2d 463, 466-467 [143 P.2d 402, 935]; cf., *Toucey* v. *New York Life Ins. Co.*, 314 U.S. 118, 134-136 [62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967].)

■ Even when one court has appointed a guardian and modification of the right to custody is thereafter sought in the court of another county, it has generally been held in the interests of orderly administration of justice that no other court has jurisdiction in habeas corpus or guardianship proceedings to interfere with the guardian's custody so long as the guardianship continues. (*Browne* v. *Superior Court*, 16 Cal.2d 593, 597-598 [107 P.2d 1, 131 A.L.R. 276]; *Murphy* v. *Superior Court*, 84 Cal. 592, 596 [24 P. 310]; *Guardianship of Danneker*, 67 Cal. 643, 645 [8 P. 514]; *Ex parte Miller*, 109 Cal. 643, 646 [42 P. 428]; *Guardianship of Kimball*, 80 Cal. App.2d 884, 887 [182 P.2d 612]; *Milani* v. *Superior Court*, 61 Cal.App.2d 463, 466-467 [143 P.2d 402, 935]; *Guardianship of Sturges*, 30 Cal.App.2d 477, 501 [86 P.2d 905].)

"The jurisdiction of the court in this respect is a continuing one, and though no motion, petition or other such incidental proceeding may be pending at any particular time, the court still has jurisdiction over the guardianship. No other court, we believe, has power to interfere with that continuing control over the guardian. . . ." (*Browne* v. *Superior Court*, 16 Cal.2d 593, 598 [107 P.2d 1, 131 A.L.R. 276].)

■ We find no reason to hold that the continuing jurisdiction of the divorce court over its custody awards is not also exclusive. "A decree awarding custody to a parent claiming adversely to the other parent differs only in formal respects from a decree appointing one parent guardian of the person of the child. The effect in either case is to confer upon the party appointed the care and custody of the child." (*Titcomb* v. *Superior Court*, 220 Cal. 34, 41 [29 P. 206]; see, also, *Guardianship of Cameron*, 66 Cal.App.2d 884, 887 [153 P.2d 385]; *Guardianship of Phillips*, 60 Cal.App.2d 832, 836 [141 P.2d 773]; *Smith* v. *Smith*, 31 Cal.App.2d 272, 276 [87 P.2d 863]; 37 Cal.L.Rev. 455, 470, 473.)

The reasons for not recognizing a continuing exclusive jurisdiction when the original custody decree has been entered

in the court of another state do not apply when the original decree has been entered in this state. If the child is present or domiciled in California it is essential for the protection of his welfare that the courts of this state have jurisdiction over his custody. (*Sampsell* v. *Superior Court*, 32 Cal.2d 763, 778 [197 P.2d 739].) There must be some court with authority to protect the child's interest in the state where he is. When the original decree has been entered in this state, however, there will always be a local court with power to act. If change of residence within the state makes it desirable that the court of another county have jurisdiction to modify the decree, the objective may be attained by a change of venue. (*Cooney* v. *Cooney*, 25 Cal.2d 202, 206-207 [153 P.2d 334].) If it is still necessary or convenient that a guardian be appointed, despite the custody award (see Prob. Code § 1440; *Guardianship of Phillips,* 27 Cal.2d 384, 388 [164 P.2d 481]), conflict in jurisdiction may be avoided by bringing proceedings in the court having jurisdiction over the original custody decree. (*In re Coughlin,* 101 Cal.App.2d 727, 731 [226 P.2d 46]; *Guardianship of Denny,* 97 Cal.App.2d 763, 765 [218 P.2d 792]; see, also, *In re Johnson,* 101 Cal.App. 110, 120 [281 P. 435].)

It has been recognized that "to avoid interminable and vexatious litigation it is generally required that before modification or vacation of . . . a [custody] decree 'there must be a change of circumstances arising after the original decree is entered, or at least a showing that facts were unknown to the party urging them at the time of the prior order. . . .' " (*Sampsell* v. *Superior Court,* 32 Cal.2d 763, 779 [197 P.2d 739].) Similarly, the avoidance of such litigation is facilitated by holding that only one court within this state may provide for the custody of minors in divorce or guardianship proceedings. Otherwise a parent having the immediate control of a minor might move from county to county, instituting guardianship proceedings, in search of a court that will alter the custody provisions of a divorce decree.

We have concluded that because of the continuing jurisdiction of the Santa Barbara court over the custody decree, the San Francisco court has no jurisdiction to appoint a guardian of the persons of Ellen C. Greene and Luther M. Greene. Insofar as the cases of *Collins* v. *Superior Court,* 52 Cal.App. 579 [199 P. 352], *In re Guardianship of Kerr,* 29 Cal.App.2d 439 [85 P.2d 145], *Smith* v. *Smith,* 31 Cal. App.2d 272 [87 P.2d 863], *Guardianship of Burket,* 58 Cal.

App.2d 726 [137 P.2d 475], and *Guardianship of Phillips,*
60 Cal.App.2d 832 [141 P.2d 773], are inconsistent with the
decision herein, they are disapproved.

Let the peremptory writ issue as prayed.

Gibson, C. J., Edmonds, J., Carter, J., and Schauer, J.,
concurred.

SPENCE, J.—I dissent as I find no justification for declar-
ing, as does the majority opinion, that "the San Francisco
court has no jurisdiction to appoint a guardian of the persons
of Ellen C. Greene and Luther M. Greene." Such jurisdiction
is clearly conferred upon that court by the provisions of
section 1440 of the Probate Code, and every case which has
dealt with the subject has held that such jurisdiction is not
affected by the existence of a prior decree in a divorce action
awarding custody of the minors. (*Guardianship of Phillips,*
60 Cal.App.2d 832 [141 P.2d 773] ; *Guardianship of Burket,*
58 Cal.App.2d 726 [137 P.2d 475] ; *In re Guardianship of
Kerr,* 29 Cal.App.2d 439 [85 P.2d 145] ; *Collins* v. *Superior
Court,* 52 Cal.App. 579 [199 P. 352].) I therefore cannot
agree with the conclusion reached in the majority opinion or
join in the disapproval of the foregoing authorities.

Furthermore, in 1945, this court unanimously affirmed an
order appointing a guardian of the person of a minor despite
the existence in another county of a prior divorce decree
awarding custody of said minor. (*Guardianship of Phillips,*
27 Cal.2d 384 [164 P.2d 481].) In that case, some of the
authorities above mentioned were cited with approval; and
if the majority now feel that said authorities should be dis-
approved, it necessarily follows that the last cited case should
be overruled.

The fundamental fallacy underlying the reasoning of the
majority opinion is found in its treatment of a divorce decree
awarding to a parent the custody of a minor as the precise
equivalent of a decree appointing a guardian of the person of a
minor in a guardianship proceeding. It seems clear that these
decrees should not be so treated. While it is true that both
proceedings deal generally with the right to custody, they are
quite different in several particulars, only the most important
of which need be mentioned. A divorce decree awarding
custody of a minor is one entered in an action in which only
the parents may appear as parties. On the other hand, a
decree appointing a guardian of the person is one entered in

a proceeding in which any interested person may appear, and which proceeding may in fact be instituted by the minor himself, if 14 years of age, or by any "relative or other person on behalf of the minor." (Prob. Code, § 1440.) Notice of such proceeding must be given "to such relatives of the minor residing in the state as the court or judge deems proper," and notice must be given to the parents in the absence of proof "that their addresses are unknown, or that, for other reason, such notice cannot be given." (Prob. Code, § 1441.) Thus, the parents may or may not appear in such proceeding, and if they do appear, an adversary proceeding may develop in which some third person may be appointed guardian rather than the parent or parents of the minor. It therefore appears that the guardianship proceeding is the broader proceeding in which all interested persons may be heard in support of their conflicting claims; and it further appears from the authorities above cited that section 138 of the Civil Code is merely a convenient and temporary substitute, permitting the award of custody in a divorce action, until such time as it may be determined in a guardianship proceeding that it is "necessary or convenient" to appoint a guardian. (Prob. Code, § 1440.)

It is no answer here to point out that no person other than the parents has appeared, up to the present time, in the guardianship proceeding. The sections relating to the guardianship do not require the filing of an answer, or of a second petition, in order to enable the probate court to hear conflicting claims and to award custody to some person other than a parent who may be the petitioner. If the probate court here is given the opportunity to hear the guardianship proceeding on the merits, it might be made to appear at that time that neither parent should be appointed as guardian, and that some third person should be so appointed. That question, however, is one to be determined by the probate court in the exercise of the jurisdiction conferred upon it by section 1440 of the Probate Code.

The holding of the majority opinion presumably would deny jurisdiction over a guardianship proceeding to any court, other than the court in which the divorce decree was entered, at least during the time that both parents are still living. Thus, if a divorce decree awarding custody of a minor had been granted to one of the minor's parents in the superior court in Del Norte County, and thereafter all interested persons had established their domicile in San Diego County and

had lived there for many years preceding the final abandonment of the minor by his parents in the latter county, then neither the superior court in San Diego County, nor any court of this state other than the superior court of Del Norte County, would have jurisdiction to entertain a guardianship proceeding which might be instituted by the minor or some other person during the lifetime of the parents. It seems clear that the superior court of San Diego County should be held to have jurisdiction under such circumstances; and, in my opinion, it seems equally clear that the Superior Court of the City and County of San Francisco should be held to have jurisdiction here. In fact, the court located in the county "in which a minor resides or is temporarily domiciled" appears to be the only court which has jurisdiction to appoint a guardian. (Prob. Code, § 1440; 13 Cal. Jur. 147.)

If the writ should be denied, as I believe it should be, and all of the facts are presented on the hearing of the guardianship proceeding on the merits, then, as pointed out in the *Guardianship of Phillips, supra,* 60 Cal.App.2d 832, at page 836, ". . . it will be appropriate for the superior court in San Francisco, in the exercise of its jurisdiction, to determine among other things whether under all the circumstances 'it appears necessary or convenient' to appoint a guardian of the person of said minor. (Prob. Code, section 1440.)"

In my opinion the petition for a writ of prohibition should be denied.

Shenk, J., concurred.

Respondent's petition for a rehearing was denied June 18, 1951. Shenk, J., and Spence, J., voted for a rehearing.