67 Cal.Rptr.3d 325 (2007)
156 Cal.App.4th 499
Adoption of LAUREN D. et al., Minors.
David A., Plaintiff and Respondent,
v.
Victor D, Defendant and Appellant.
No. C054705.
Court of Appeal of California, Third District.
October 26, 2007.
*326 Gibson Appellate Law Services and Jennifer A. Gibson, for Defendant and Appellant.
Frank E. Dougherty, for Plaintiff and Respondent.
NICHOLSON, J.
Victor D., the biological father of the minor children Lauren, Carr and Christiana, appeals from the family court order terminating his parental rights to allow David A., the stepfather, to adopt the children. Victor contends there was insufficient evidence he left the children or that he intended to abandon his children, there was insufficient evidence that terminating his parental rights was in his children's best interests, the trial court committed reversible error by failing to interview Lauren regarding her preferences and by failing to consider appointing counsel for the minor children and that the Sacramento County Superior Court erred in proceeding on this matter because there was an ongoing custody order in the Yolo County Superior Court. On this last point, we agree. Because the matter is jurisdictional, we shall reverse and need not reach Victor's other contentions.

STATEMENT OF RELEVANT FACTUAL AND PROCEDURAL HISTORY[1]
In September 2001, the Yolo County Superior Court entered a dissolution of marriage between Jill and Victor. On September 14, 2001, the Yolo County Superior Court entered judgment on reserved issues. Among other things, this judgment awarded Jill sole legal and physical custody of the minor children. It also ordered Victor to participate in a psychological evaluation and to have no contact with the children pending completion of that evaluation. Victor was also ordered to keep the court, the mediator and Jill's attorney informed of his current address and phone number, to participate in random drug testing, and to participate in anger management and individual counseling. Victor was also ordered to pay child support.
On January 12, 2002, Jill married David A. On May 1, 2006, Jill and David A. filed an adoption request and a petition to terminate Victor's parental rights as to all *327 three children. These petitions were filed in Sacramento Superior Court.
On May 23, 2006, Victor filed a petition for modification of the custody, visitation and child support orders in Yolo County. On July 7, 2006, the Yolo County court denied Victor's petition, stating he was required to comply with the "orders set forth in the Judgment entered on September 14, 2001, before he can request a modification of custody." The Yolo County court also noted if Victor filed again "for modification of custody without first completing the requirements set forth in the Judgment entered on September 14, 2001, Respondent [Victor] will pay attorney fees and costs" to Jill.
On July 20, 2006, the probation officer filed a report on the petition for adoption. The report noted the existence of the Yolo County proceedings and the most recent Yolo County orders. The Yolo County action was the basis for the probation officer's inability to recommend terminating Victor's parental rights.
On October 3, 2006, Victor moved to dismiss the petitions. In support of this motion, Victor stated; "This action concerns termination of Respondent's parental rights including his right to custody of his minor child. A custody proceeding regarding the same minor child exists and is active in Yolo County Superior Court.... Yolo County is the proper venue for determination of the matter at issue here.... [¶] In specially appearing to bring this Motion, Respondent does not waive his objection to venue in Sacramento County."
The court deferred ruling on the motion to dismiss and transfer of the case to Yolo County. Following trial on the substantive issues, the court granted the motion for termination of parental rights. Although the court did not expressly rule on the motion to dismiss and change venue, the court found there was no action pending in Yolo County.

DISCUSSION
Father contends the Sacramento County court exceeded its jurisdiction by acting on a petition when there was a pending matter in Yolo County. We agree.[2]
"Under the rule of exclusive concurrent jurisdiction, `when two superior courts have concurrent jurisdiction over the subject matter and all parties involved in litigation, the first to assume jurisdiction has exclusive and continuing jurisdiction over the subject matter and all parties involved until such time as all necessarily related matters have been resolved.' [Citations.] The rule is based upon the public policies of avoiding conflicts that might arise between courts if they were free to make contradictory decisions or awards relating to the same controversy, and preventing vexatious litigation and multiplicity of suits. [Citations.] The rule is established and enforced not `so much to protect the rights of parties as to protect the rights of Courts of co-ordinate jurisdiction to avoid conflict of jurisdiction, confusion and delay in the administration of justice.' [Citation.]" (Plant Insulation Co. v. Fibreboard Corp. (1990) 224 Cal.App.3d 781, 786-787, 274 Cal.Rptr. 147.)
"When we speak of `concurrent jurisdiction,' we refer to a situation in which two (or perhaps more) different courts are authorized *328 to exercise jurisdiction over the same subject matter, such that a litigant may choose to proceed in either forum ... [T]hat two courts have concurrent jurisdiction does not mean that both courts may simultaneously entertain actions involving the very same subject matter and parties. Rather, a grant of concurrent jurisdiction means that `"litigants may, in the first instance, resort to either court indifferently."' [Citation.] The exercise of jurisdiction by one court ordinarily will preclude the exercise of jurisdiction by other courts having concurrent jurisdiction. [Citations.] 'This concurrent jurisdiction doctrine has been applied in a number of cases to preclude two courts from exercising jurisdiction at the same time over a case involving the custody of a child.' [Citation.]" (In re MM. (2007) 154 Gal. App.4th 897, 914-915, 65 Cal.Rptr.3d 273, fn. omitted, original italics.)
With respect to issues of child custody, the court retains the "authority to award a change of custody or to otherwise modify the custody and child support provisions of the original [divorce] decree." (Moffat v. Moffat (1980) 27 Cal.3d 645, 652, 165 Cal.Rptr. 877, 612 P.2d 967; see also In re Marriage of Goodarzirad (1986) 185 Cal.App.3d 1020, 1027, 230 Cal.Rptr. 203.) The jurisdiction of the original court "`is a continuing one, and though no motion, petition or other such incidental proceeding may be pending at any particular time, the court still has jurisdiction'" over issues involving the custody of the children. (Greene v. Superior Court (1951) 37 Cal.2d 307, 311, 231 P.2d 821 (Greene).)
Although Greene dealt specifically with issues of concurrent jurisdiction with regard to a request for a guardianship appointment rather than a petition for adoption, the reasoning of Greene is equally applicable in this case. In Greene, the Santa Barbara Superior Court issued a divorce decree for Luther and Ellen Greene and orders regarding the custody and visitation of their two minor children. (Greene, supra, 37 Cal.2d at pp. 308-309, 231 P.2d 821.) Ellen was awarded custody of the children, and Luther was granted visitation rights. (Ibid.) The day Ellen's final divorce decree was entered, she married Joseph Martin, Jr., and they moved with the children to San Francisco. (Ibid.) Approximately four years later, Ellen filed a petition for letters of guardianship of the children in the San Francisco Superior Court, including seeking an award of custody and control of the minor children with visitation granted to Luther. (Id. at p. 309, 231 P.2d 821.) Luther objected on the basis that only the Santa Barbara court had jurisdiction to modify the provisions of its custody award. (Ibid.)
The Greene court found this was an issue of concurrent jurisdiction between the Santa Barbara and San Francisco courts. The court cited the rule that "when one court has appointed a guardian and modification of the right to custody is thereafter sought in the court of another county, it has generally been held in the interests of orderly administration of justice that no other court has jurisdiction ... in guardianship proceedings to interfere with the guardian's custody so long as the guardianship continues." (Greene, supra, 37 Cal.2d at p. 311, 231 P.2d 821.) The court went on to conclude just as the continuing jurisdiction of a court over guardianship awards of custody was exclusive, there was "no reason to hold that the continuing jurisdiction of the divorce court over its custody awards is not also exclusive. `A decree awarding custody to a parent claiming adversely to the other parent differs only in formal respects from a decree appointing one parent guardian of the person of the child. The effect in either case is to confer upon the party *329 appointed the care and custody of the child.' [Citations.]" (Ibid.)
The reasoning of Greene is equally persuasive in the context of a petition for adoption. A parent is by law the natural guardian and entitled to the custody of the person of a minor. (Estate of Tetsubumi Yano (1922) 188 Cal. 645, 648, 206 P. 995; In re Hunt (1894) 103 Cal. 355, 356, 37 P. 206.) As with a petition seeking guardianship, the grant of an adoption petition confers upon the petitioner the rights to the care and custody of the child. "A guardian of the person of a minor stands in the place of a parent...." (Guardianship of Howard (1933) 218 Cal. 607, 610, 24 P.2d 486.) Similarly, "[adoptive parents occupy the same position as the natural parents, with all the rights and duties of that relationship. [Citation.] One of the natural rights incident to parenthood, a right supported by law and sound public policy, is the right to the care and custody of a minor child. [Citation.]" (Odell v. Lutz (1947) 78 Cal.App.2d 104, 106, 177 P.2d 628.) Furthermore, "[adoption results in a complete substitution of parents, as opposed to a guardianship, for example, which only suspends the rights of parents. Adoption extinguishes the rights of natural parents forever. [Citation.]" (Estate of Cleveland (1993) 17 Cal.App.4th 1700, 1707, 22 Cal.Rptr.2d 590, fn. omitted.)
An order terminating parental rights and permitting adoption by a stepparent dramatically alters the rights of the parties with respect to the care and custody of the minor children. The adoptive parent gains the rights and duties of a natural parent, including custodial rights, and the natural parent forever loses those parental rights. Because the fundamental rights involved here are the same as in Greene, we find that the continuing jurisdiction of the divorce court over its custody awards is exclusive. (Greene, supra, 37 Cal.2d at p. 311, 231 P.2d 821.)
As the Yolo Superior Court was the first court to exercise jurisdiction over the matter of the custody of these minor children, it retains exclusive jurisdiction. This in turn precluded the Sacramento Superior Court from exercising jurisdiction over this matter.
"This does not mean that an interested party is forever foreclosed from proceeding in any court but the one where jurisdiction first attached. As the court observed in Greene v. Superior Court, supra, if, for instance, change of residence makes it desirable that a court of another county have jurisdiction to modify the order, the objective may be attained by a change of venue. [Citation.]" (Guardianship of Vierra (1953) 115 Cal.App.2d 869, 872, 253 P.2d 55.)

DISPOSITION
The order is reversed.
We concur: BLEASE, Acting P.J, and DAVIS, J.
NOTES
[1] Because this matter is resolved on jurisdictional grounds, oily the facts relevant to that issue are delineated in this opinion.
[2] Victor also argues that the Yolo County court's July 7, 2006, order continued the matter to allow him time to-complete the requirements of the September 14, 2001, order. We do not necessarily agree with Victor's characterization of the July 7, 2006, order entered by Yolo County. However, the Yolo County court is in the best position to clarify the meaning of that order.